CASE   6. — ACTION BY B. F. FULLER AGAINST THE ILLI-
NOIS CENTRAL RAILROAD COMPANY.—April 19,
1910.

## Fuller v. Illinois Central R. R. Co.

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Negligence—Pleading—Sufficiency.—While it is sufficient for
a plaintiff to charge generally in his petition that his injuries
were caused by the negligence of defendant, if he undertakes
to detail the facts of his injuries and they do not constitute
a cause of action, the mere addition that the injuries were
caused by the negligence of defendant 'will not cure the
defect.

2. Pleading—Construction.—Every intendment is against the
pleader.

3. Master and Servant—Ordinary. Dangers—Assumption of
Risk.—Ordinary dangers of a business are assumed by em-
ployes who undertake to carry it on.

4. Master and Servant—Duties of Employer—Safe Place to
Work—Materials—Co-Employes.—The employer does not in-
sure an employe against injury in the performance of his
duties; and, if the employer furnishes a reasonably safe
material with which to work, and, where the employe is
engaged with others, sees that the co-employes are sufficient
in number to do the work in a reasonably safe manner, and
are reasonably fitted for and skilled in the performance of
the joint duty, it is all the employe can expect or demand.

FOX & TEAGUE for appellant.

GORDON & COX and TRABUE, DOOLAN & COX for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

The appellant, B. F. Fuller, while engaged as a section hand in moving a railroad frog from one point of appellant's track to another, was injured by having his hand mashed. To recover damages for this injury he instituted this action in the Hopkins circuit court. A general demurrer was interposed by defendant to the petition and sustained by the court, whereupon the plaintiff (appellant here) refused to amend, and his petition was dismissed. From this judgment he has appealed.

Having reached the conclusion that the judgment of the trial court was correct, we copy into our opinion all of the petition except the merely formal parts. The material part of the petition is as follows:

"Plaintiff states that on or about August 3, 1909, he was in the employment of defendant as section hand on its section of railroad track near St. Charles and Hamby Station, Hopkins county, Ky., working under and subject to the orders, directions, and commands of one George Hunsecker, who was defendant's section foreman in charge of said section, and whose orders, directions, and commands it was plaintiff's duty to obey and whom plaintiff did obey; that it was plaintiff's duty under his employment by defendant as section hand to work on the track and right of way of defendant in repairing, laying, and building of track and roadbed at such places and in the manner he was directed to do by his said superior, foreman and boss, Hunsecker. Plaintiff states that on or about said August 3, 1909, he, together with other section hands, was ordered and directed by said Hunsecker to take up a railroad frog where the spur track of the Carbondale Coal & Coke Company adjoins the main line of the railroad track near Hamby Station, Hopkins county, Ky., and put in its place

another frog; that said frog which he and the other
section hands were ordered and directed by said Hun-
secker to remove and put in place was of triangular
shape and very large and heavy, and was 30 or 40
feet from the place where they were required to put
it in the track; that they were negligently and im-
properly ordered and directed by said Hunsecker to
take hold of said frog with their hands and place it
upon the railroad track, and to move it along on the
rails of same to the proper place, and that they
obeyed said order, command, and direction of their
said boss, Hunsecker, and took hold of same with
their hands and placed it on the said track, and while
engaged in moving it along said rails and while plain-
tiff was assisting in moving it, and while in the ex-
ercise of ordinary care for his own safety, said frog
slipped or fell off said rail, and caught plaintiff's
left hand between the said frog and rail, or tie under
same, and mashed, bruised, and injured his said
hand, and so badly injured two of his fingers as to
cause them to be amputated, and thereby causing
plaintiff to then suffer, continue to suffer, and now to
suffer, great mental and physical pain and anguish,
to lose from his labors —— days, during which time
he could and would have earned $——, and that he
will continue to suffer and to lose time to an extent
not now possible to state, for he alleges that he is
permanently injured and his power to earn money
has been greatly and permanently diminished.

"Plaintiff says that his injuries, as herein fully
set out, were caused and brought about as the direct
and proximate result of the negligence, gross neg-
ligence, and carelessness of defendant, its agent and
servant. Hunsecker, who was defendant's section
foreman and superior to plaintiff, as aforesaid, in

giving said negligent and improper order to remove said frog in the manner, way, and by the means stated, for he says to remove said frog in the manner, way, and by the means stated was improper, not reasonably safe, hazardous, and dangerous and attended with danger and of which defendant, its agent and servant, Hunsecker, knew, or by the exercise of ordinary care could have known, and which was unknown to plaintiff, and the risk was not so obvious and apparent in attempting to obey said negligent and improper order that an ordinarily prudent person situated as was this plaintiff would not have incurred the same or refused to have obeyed said order and command of his said superior, Hunsecker, and that he obeyed said order, direction, and command of defendant, its agent and servant, Hunsecker, relying upon defendant to furnish him a reasonably safe place, manner, and means with which to perform his labors and to give him proper and necessary orders, commands, and directions as to how to do same.''

The rule is well settled in this state that, while a plaintiff may charge in his petition in general terms that his injuries were caused by the negligence of the defendant and these general allegations will be sufficient on demurrer, yet it is equally well settled that if the plaintiff undertakes to circumstantially detail the facts of his injuries, and the facts as stated do not constitute a cause of action, the mere addition that the injuries were caused by the negligence of the defendant will not cure the defect shown by the facts as stated. The plaintiff with great circumstantiality has set out all that took place at the time he was injured. The gravamen of the charge is that the defendant's foreman, who was plaintiff's superior, ordered a gang of section hands, of which plaintiff was

one, to lift with their hands a large railroad frog from the place where it was situated and put it upon the railroad track, then slide it along the rail some 30 or 40 feet to a point where it was again to be put in position and used as a railroad frog. The plaintiff does not allege that the men set to do this work were not sufficient in number to do it with reasonable safety; nor does he allege that any of the men were unskilled in the work at which they were set, or in any wise incapable or unfit to discharge the duties attendant upon its execution; nor does he by any allegation negative the inference that his injury, was caused by the carelessness or negligence of his fellow servants. He does not state why or how the frog slipped or fell off the rail, but merely alleges that it did so, and that his hand was caught under it and mashed. All this may be true, and yet the master not liable for the resulting damage. Under the well-known principle of pleading, that every intendment is taken against the pleader, we must assume that the men engaged in lifting and moving the frog were sufficient in number to do the work with reasonable safety; that they were reasonably skillful and fitted for the work to be done; and that the slipping of the frog from the rail was not caused by any negligence for which the master was responsible. These defects in the petition are not aided by the general allegation that the plaintiff's injury was caused by the negligence or the gross negligence of the defendant. All that plaintiff was entitled to from his employer was that a sufficient number of men should be furnished to move the frog with reasonable safety, and that these men should be reasonably fitted and disciplined to do the work at which they were set. In a general sense it may be affirmed that all

railroad work is more or less dangerous; and it is well settled that the ordinary dangers of the business are assumed by the employes who undertake to carry it on. The employer does not insure an employe against injury in the performance of his duties. If he furnishes him a reasonably safe place in which to work, reasonably safe material with which to work, and, where he is engaged with others, sees to it that the co-employes are sufficient in number to do the work in hand in a reasonably safe manner, and are reasonably fitted·for and skilled in the performance of the joint duty, this is all that the employe has a right to expect or demand. The petition under the rule of pleading, above stated constructively shows that all these duties were performed by the employer, and the conclusion is therefore irresistible that his injury was caused by the danger or risk inherent in the business, and which he therefore assumed when he undertook it.

Judgment affirmed.