## West Kentucky Coal Company v. Smithers.

(Decided May 9, 1919.)

## Appeal from Union Circuit Court.

1. Master and Servant—Mines and Mining—Rules—Construction.—A mine rule providing, "No employes except those connected with the operation of the motor or trip, will be allowed to ride on the locomotive or trip of loaded cars, and all others are strictly forbidden to get off or on any motor trip while the same is in motion, etc.," is confined to cars drawn by a motor, and does not apply to a car drawn by a mule.

2. Master and Servant—Workmen's Compensation Act—Rules, Violation of—Contributory Negligence.—Where an employe's violation of the rule has contributed to his injuries, as a proximate cause thereof, such violation is contributory negligence within the meaning of the Workmen's Compensation Act abolishing that defense, if the employer has not elected to operate under the act.

3. Master and Servant—Mines and Mining—Injury to Servant—Duty of Master.—A mining company was under no duty to a trackman, not connected with the operation of cars, to set the brakes on empty cars in such a way as to prevent them from colliding with the loaded car on which the trackman was riding, unless it was customary for the trackmen to ride on loaded cars, with the knowledge of those in charge of the mine, in going in, out of, or about the mine.

4. Master and Servant—Question for Jury.—Where there was some evidence of such a custom, the question was for the jury, and a peremptory was properly refused.

5. Master and Servant—Trial—Instructions.—In such a case, the court erred in assuming in its instructions that defendant was negligent in not setting the brakes properly, instead of making the question of negligence depend on whether it was customary for trackmen, not connected with the operation of cars, to ride on loaded cars, with the knowledge of those in charge of the mine, in going in, out of, or about the mine.

ALLEN, HARRIS & ALLEN and P. H. WINSTON for appellant.

DRURY & DRURY, G. E. JONES, W. T. DRURY and G. L. DRURY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries, plaintiff, Ed Smithers, recovered of the defendant, West Kentucky Coal Company, a verdict and judgment for $1,297.50.. The defendant appeals.

The defendant operates certain coal mines in Union county. Plaintiff was employed as a track layer in mine No. 8. The work in the mines was discontinued about noon on the day of the accident, for the purpose of giving the employes an opportunity to attend a circus. For the purpose of getting out of the mine, plaintiff got on a loaded car drawn by a mule and took a seat by the driver. While en route, a string of empty cars that had been placed on the lieway ran down grade, because the brakes that had been set were not sufficient to hold them, and collided with the car on which plaintiff was riding. Both the mule and the driver avoided the danger, but plaintiff was thrown from the car and injured.

It further appears that pursuant to the authority of subsec. 1, sec. 2738b, Kentucky Statutes, the defendant had adopted certain special rules for the government and operation of its mines, which rules were approved in writing by the Chief Inspector of Mines, and duly posted in certain conspicuous places about the mine in which plaintiff was employed. Rule 5 provides:

"No employes except those connected with the operation of the motor or trip, will be allowed to ride on the locomotive or trip of loaded cars, and all others are strictly forbidden to get off or on any motor trip while the same is in motion. Motormen must not allow any one to ride on the motor or cars except by the express permission of the foreman.

There was some evidence that this rule was habitually disregarded with the knowledge and acquiescence of those in charge of the mine.

The petition charged that plaintiff's injuries were caused by negligence of the defendant, its agents and servants. In its answer, the defendant denied negligence and charged that plaintiff's injuries were caused solely by his own negligence and willful misconduct.

It is admitted that the defendant had not elected to operate under the Workmen's Compensation Act at the time of the accident, and cannot, therefore, defend on

the usual grounds of contributory negligence, negligence of a fellow servant and assumption of risk.  Sec. 4960, vol. 3, Kentucky Statutes.

In its instruction to the jury, the court assumed that plaintiff, in riding on the loaded car, was in a place where he had a right to be and told the jury in substance, that the defendant was under the duty to use reasonable care in placing its empty cars so that they would not run down the incline, and that if it failed to use such care, and by reason thereof plaintiff was injured, they should find for plaintiff.

Defendant contends that the rule above quoted forbade plaintiff from riding on the loaded car, and that his violation of this rule was such willful misconduct on his part as to prevent a recovery.  On the other hand, plaintiff contends that the rule in question was not applicable, and furthermore, that even if it was applicable, his violation thereof constituted contributory negligence, a defense cut off by the statute.  Of course, the construction of the rule in question is for the court, and while it should be construed so as to carry out the purpose of its adoption, its scope should not be extended to include cases not embraced in the language employed. While the company might have adopted a rule forbidding employes, whose work was not connected with the operation of cars, from getting on all loaded cars, whether transported by a motor or otherwise, an examination of the language employed shows that it is not sufficiently broad for that purpose.  Evidently the company regarded the riding on the motor or on cars drawn by a motor as especially dangerous, and the rule was adopted to meet this condition.  In the first place the rule applies to all employes "except those connected with the operation of the motor or trip."  Such employes are forbidden "to ride on locomotive or trip of loaded cars."  Not only so, but the rule provides that "all others are strictly forbidden to get off or on any motor trip, while the same is in motion."  Even this is not all.  The rule goes further and provides that "motormen must not allow any one to ride on the motor or cars except with the express permission of the foreman."    It will thus be seen that throughout the rule the words "motor," "trip," "locomotive," "trip of loaded cars," "motor trip," and "motormen" are especially emphasized.  We therefore

conclude that the rule applies only to motor or cars drawn by a motor, and does not apply to a single car drawn by a mule. That being true, plaintiff did not violate the rule in question. Aside from this, it was generally held at the time of the adoption of the Workmen's Compensation Act that where an employe's injuries were caused by his violation of a rule promulgated by the master, he was guilty of contributory negligence. The cases proceed on the theory that it is the duty of an employe to obey the rules, and a violation thereof is a breach of duty and therefore negligence, and where such violation contributes to his injuries as a proximate cause thereof, it is contributory negligence. In St. Louis & S. F. R. Co. v. Dewees (C. C. A.), 153 Fed 56, the court said: "Where the duties of a servant in given circumstances are particularly specified in the unambiguous and reasonable rules of the master, of which the servant has knowledge and to which he has assented by entering and continuing in the service, his nonobservance or disobedience of them at a time when they are capable of observance is negligence as a matter of law, and is not to be judged by the undefined and varying requirements of ordinary care," and such is the prevailing view of the question. 18 R. C. L., sec. 152, p. 660; Elmgren v. Chicago, M. & St. P. R. Co., 112 N. W. (Minn.) 1067, 12 L. R. A. (N. S.) 754; St. Louis, etc., R. Co. v. Dupree, 84 Ark. 377, 105 S. W. 878, 120 A. S. R. 74; Ann. Cases, 1912A 91, note; C. N. O. & T. P. R. Co. v. Lovell's Admr., 141 Ky. 249, 132 S. W. 569; Cincinnati, &c., R. Co. v. Silvers, 126 S. W. 120; Ford v. Chicago R. I. & P. R. Co., 24 L. R. A. 657 and note. Since the violation of a rule that contributes to the employe's injuries, as a proximate cause thereof, is contributory negligence, it necessarily follows that the defendant was not entitled to a peremptory instruction because of such violation.

But back of all this is the question of defendant's negligence. To establish negligence on the part of the master it is not sufficient for the injured employe to show that there was a violation of a duty owing to another person or class of persons, which, had it been performed, would have prevented the injury complained of. It must further appear that there was a violation of a duty owing to the plaintiff personally, or to a class to which he bore the necessary relation to make the duty applicable. to him. 20 R. C. L.,

sec. 41, p. 47; Komonyi v. Consolidation Coal Co., 182 Ky. 683, 206 S. W. 883. Thus, it has been said that facts which create a relation and therefore a duty as to one, do not establish the same obligation to all mankind. To be within the right created, the complaining party must show facts which make the reason for claiming the relation applicable to him. Garland v. Boston, &c., Railroad, 76 N. H. 556, 86 Atl. 141; Ann Cases, 1913E 924; 46 L. R. A. (N. S.) 338. While it may be true that the defendant, in not applying the brakes to the empty cars so as to prevent them from running down the grade, was guilty of negligence as to the drivers of loaded cars or other persons having a right to be on the cars, it was not guilty of negligence as to the plaintiff unless the plaintiff had the right to be on the loaded car at the time of the injury, and the defendant was charged with the duty of anticipating his presence there. This question in turn depends on whether it was customary for employes, not connected with the operation of cars, to ride on loaded cars with the knowledge of those in charge of the mine, in going in, out of or about the mine. There being some evidence to this effect, defendant was not entitled to a peremptory instruction on the ground that it owed no duty to plaintiff. However, the court erred in assuming in its instructions as a matter of law that defendant was negligent as to plaintiff in not applying the brakes on the empty cars, so as to prevent them from running down the grade, instead of making the question of negligence depend on whether it was customary for trackmen, not connected with the operation of cars, to ride on loaded cars with the knowledge of those in charge of the mine, in going in, out of or about the mine. On another trial, the court will amend its instructions so as to conform to the view herein announced.

Judgment reversed and cause remanded for a new trial consistent with this opinion.