## West Kentucky Coal Co. v. Smithers.

(Decided May 18, 1920.)

### Appeal from Union Circuit Court.

1. Master and Servant—Mines and Minerals—Operation of Cars.— Where an employer, engaged in operating a coal mine, owes a duty to the driver of its coal cars, to protect them from injuries by collisions, with empty cars upon the track, it, also, owes the same duty to other employees, not connected with the operation of the cars, while riding upon such cars with the drivers, if there was a custom in the mine for employees not connected with the operation of the cars, to ride thereon, while going into, out of and about the mine, with the knowledge of the persons, in control of the mine.

2. Master and Servant—Assumption of Risk—Workmen's Compensation Act.—An employer, who is affected by the Workmen's Compensation Act, and who has not elected to operate thereunder, is denied the defense of assumed risk and contributory negligence of the employee, to an action by the employee to recover damages for an injury attributable to the negligence of the employer.

P. A. WINSTON and ALLEN, HARRIS & ALLEN for appellant.

TRUMAN DRURY, G. L. DRURY and G. E. JONES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is the second appeal from judgments, in this action. The opinion of this court upon the former appeal may be found in 184 Ky. 211, and, also, in that opinion may be found a statement of the facts out of which the action grew, and which are the basis of the appellee's claim for damages. After the cause was remanded to the trial court, another trial was had which resulted in a verdict for the appellee, as upon the first trial, and a judgment of the court, accordingly. The appellant now insists upon a reversal of the judgment upon the sole ground, that the court erred to the prejudice of its substantial rights in denying its motion for a directed verdict, in its favor at the close of appellee's evidence, in

chief, and at the close of all the evidence. The argument by appellant to sustain its contention is, that it did not fail to perform any duty which it owned to appellee, and for that reason was not guilty of any negligent act as to him, which resulted in his injury. As a matter of course, if appellant did not owe appellee any duty, which it failed to perform and such failure was the proximate cause of his injury, the verdict as a matter of law should have been for the appellant. The rule is universal that where there is no duty, there can be no negligence. The appellee was a track layer in a coal mine, operated by the appellant, and while riding from the interior of the mine toward the entrance, upon a loaded car, a dozen or fifteen empty coal cars escaped from a lieway or side track, where they should have been held, until the loaded cars had arrived at that point, so that no collision could occur between them and the empty cars, and running down the track, which was there upon a declining grade, collided with the car, upon which appellee was riding, with such force, that he was thrown from the car and the car, upon which he was riding, was then forced by the contact, over his body, dislocating his hip and otherwise severely injuring him. The evidence tended to prove that the cause of the escape and running away of the empty cars was a failure of the mine foreman to exercise care to see that the devices, maintained for preventing the cars from running away upon inclines, were in working order and applied to the empty cars, so as to securely hold them. Whether appellant was negligent in permitting the empty cars to escape and run down the track was an issue in the pleadings and evidence, and was properly submitted to the jury. It is, however, insisted by the appellant that though it may have owed to the driver of the loaded car the duty of taking proper precautions to protect him from a collision with a trip of empty cars, it did not owe the appellee any such duty, as he had no connection with the operation of the cars, nor any business thereon, and in addition, thereto, there were practical routes, other than the one upon which appellee was traveling, when he was injured, and which he might have taken to go out of the mine, and thus escaped injury. The appellant is one of those employers affected by the act of the general assembly, known as the Workmen's Compensation Act, and embraced in chapter 137 of Kentucky Statutes, vol. 3, and by the provisions of section

4960, Kentucky Statutes, vol. 3, is denied the right to offer as a defense to an action for damages for the injury of one of its servants, through its negligence, either the contributory negligence of the servant or his assumption of the risk, by reason of not having elected to operate under such act, and hence the only issues in this action were whether the appellant's negligence caused the injury, and whether the appellee was a person to whom it owed a duty of taking care to prevent the empty cars from escaping and colliding with the car upon which he was riding. It was held upon the former appeal of this action that, although the appellant might be negligent in failing to prevent the empty cars from running down the grade and colliding with the loaded cars, as to drivers of the loaded cars, it would not be an act of negligence as to appellee, unless he had a right to be on the car at the time of the injury, and the factor which determines whether the appellee had a right to be on the car where he was injured, was whether it was a custom in the mine for employees, not connected with the operation of the cars, to ride on the loaded cars, with the knowledge of the persons in charge of the mine, in going in, or out of, or about the mine. There was proof tending to support the contention that such custom existed, while there was, also, proof that such custom did not exist, and this issue was properly submitted to the jury and the right of appellee to recover was predicated upon the finding of the jury that such a custom did exist. For if such custom existed, it was then the duty of those in control of the mine to anticipate the presence upon the loaded cars of employees, other than those connected with the operation of the cars, and hence it owed such employees the duty of taking the necessary precautions to protect them from injury.

The judgment is therefore affirmed.