## Woodrow v. High Splint Coal Company.

(Decided February 28, 1922.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Pleading—Negligence of Master Declining to Operate Under Workmen's Compensation Act Must Be Alleged.— Though an employer who elects not to operate under the workmen's compensation act is deprived of the defenses of contributory negligence, fellow servant and assumption of risk, a petition in a servant's action for personal injuries against such employer must allege that the injuries were caused by the defendant's negligence.

2. Negligence—Pleading—Acts Constituting Breach of Duty.—While negligence may be alleged in general terms, yet where the pleader attempts to specify negligence, the acts so specified must state a cause of action.

3. Negligence—Pleading—Sufficiency.—An allegation that one of defendant's servants negligently placed an obstruction on a scaffold where plaintiff was at work, without telling what it was or where it was placed on the scaffold, or giving the circumstances under which it was placed there, or alleging that it rendered the scaffold dangerous or unsafe, was a mere legal conclusion and not a sufficient allegation of negligence.

G. G. RAWLINGS for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

L. C. Woodrow brought suit against the High Splint Coal Company to recover damages for personal injuries. A demurrer was sustained to the petition as amended and the petition was dismissed. Woodrow appeals.

The only allegation of the original petition respecting the circumstances under which plaintiff's injuries were received is as follows:

"The plaintiff states that while in the employ of the defendant on or about the 29th day of May, 1919, he was injured while working on a scaffold; that the defendant at that time had not accepted the compensation law of Kentucky; that at the time of the injury the defendant had in its employ around the camp more than five men."

The first amendment to the petition is as follows:

"Comes the plaintiff herein for amendment to his original petition and says that at the time of working on the scaffold as alleged in the original petition he assumed all the dangers incident to the work on the scaffold, among which was falling from the scaffold; that the work done by him was inherently dangerous and one that consisted of many dangers; that while performing his work on the said scaffold, and while in due course of his employment, through misjudgment and the failure to use proper care for his safety, fell from the scaffold and received the injuries as alleged in the original petition; that the injuries were not caused by any intentional or wilful conduct on his part."

The second amended petition is as follows:

"Comes the plaintiff for amendment to his original and amended petition heretofore filed in the above styled

action for further cause of action states that at the time of the injury and while working on the scaffold as set out in the original and amended petition herein, he was working with a fellow servant, and while working on the said scaffold the said fellow servant working with him, without any knowledge on his part, negligently placed obstructions on the scaffold where plaintiff was likely to fall over them and undertaking to make a step without knowing of the obstructions being placed in his way, stepped and stumbled over the said obstructions so placed by the fellow servant, causing the injury as alleged in the original and amended petition.''

The third amended petition is as follows:

''Comes the plaintiff herein for amendment to his original, amended petition, second amended petition, states that at the time of the injury aforesaid, and while working with the agents and servants of the said defendant on the said scaffold was injured by reason of the negligence of one of them negligently placing an obstruction in his way, causing his injury aforesaid.''

Section 4960, vol. 3, Kentucky Statutes, is as follows:

''Every employer affected by the provisions of this act who does not elect to operate thereunder shall not, in any suit at law by an employe or his representative to recover damages for personal injury or death by accident arising out of and in the course of his employment, be permitted to defend any such suit at law upon any or all of the following grounds:

''(1)   That the employe was guilty of contributory negligence.

''(2)   That the injury was caused by the negligence of a fellow servant of the injured employe.

''(3)   That the employe has assumed the risk of injury.   (Id. section 76a.)''

The original suit seems to have proceeded on the theory that all that was necessary for plaintiff to allege was that he was injured while in the employ of the defendant, and that the defendant, though affected by the provisions of the workmen's compensation act, had not elected to operate thereunder.   In other words, it was assumed that an injured employe could recover damages by suit against his employer who had not elected to operate under the workmen's compensation act in every case where he would be entitled to compensation by that act if his employer had elected to operate thereunder.   Such, however, is not the effect of section 4960, *supra.*   Its only

effect was to deprive the employer, who was affected by its provisions, but declined to operate thereunder, of the defenses of contributory negligence, fellow servant and assumed risk. That being true, it was necessary for plaintiff to allege that his injuries were caused by the negligence of the defendant. Green River Light & Water Co. v. Beeler, 193 Ky. 675, — S. W. ——; West Kentucky Coal Co. v. Smithers, 184 Ky. 211, 211 S. W. 580; West Kentucky Coal Co. v. Smithers, 188 Ky. 224, 221 S. W. 558. The original petition merely alleges that while plaintiff was in the employ of defendant on a certain date, he was injured while working on a scaffold. The first amended petition alleges in substance that, through misjudgment and failure to use proper care for his safety, plaintiff fell from the scaffold and received his injuries, and that the injuries were not caused by any intentional or wilful conduct on his part. It will be observed that the original petition did not allege negligence on the part of any one, and that the first amendment merely alleged negligence on the part of plaintiff himself. It is clear, therefore, that neither the original petition nor the amended petition stated a cause of action. The second amended petition alleges in substance that plaintiff's injuries were caused by an obstruction negligently placed on the scaffold by a fellow servant, while the third amended petition alleges that while plaintiff was working with the agents and servants of the defendant on the scaffold, he was injured by reason of the negligence of one of them negligently placing an obstruction in his way.

Although it is the settled rule that negligence may be pleaded in general terms, yet where the pleader attempts to specify the negligence, the facts so specified must state a cause of action. McQuary v. L. & N. R. R. Co., 128 S. W. 329; Lexington Ry. Co. v. Britton, 130 Ky. 676, 114 S. W. 295. Neither the second nor third amendment describes the alleged obstruction or tells where it was placed on the scaffold. It may have been a small tool or other article which did not amount to an obstruction, and which it was the servant's duty to place there, and merely calling it an obstruction, accompanied by the statement that it was negligently placed on the scaffold, without telling what it was or where it was placed on the scaffold, or giving the circumstances under which it was placed there, or alleging that it rendered the scaffold

dangerous or unsafe, was a mere legal conclusion and not a sufficient allegation of negligence. It follows that the demurrer was properly sustained to the petition as amended.

Judgment affirmed.