## Bogart's Administratrix v. City of Newport et al.

(Decided May 20, 1930.)

CHARLES S. WILLIAMS, ORVILLE G. HICKS and HOMER A. GARVEY for appellant.

BLAINE McLAUGHLIN and DANIEL DAVIES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This action was originally brought by Hester Bogart, as administratrix of her deceased husband, Delbert Bogart, against the city of Newport, to recover damages for the death of her intestate in the sum of $20,000. The material allegations of the petition are these:

"This plaintiff, Hester Bogart, for a cause of action against the defendant, the City of Newport and states that her late husband, Delbert Bogart, was returning home from a visit to his relatives on the night of June 17th, 1928, on or about twelve (12) P. M. and while traveling north on Monmouth Street, at the intersection of Ninth and Monmouth Streets, Newport, Kentucky, he fell on the street, becoming unconscious from the effect of a severe attack from the ailment of Acute Gastritis, and then was caused to be taken to the City Jail in Newport, Kentucky, by the officers of the City Police Force of Newport, Kentucky, and lodged in said Jail continuously and until his death on or about five-thirty (5:30) A. M., June 18th, 1928.

"Plaintiff further states that by this confinement that her late husband, Delbert Bogart, was deprived of any and all medical attention by the negligence and willful neglect and disregard for his physical welfare by the caretakers and employees of the Jail of the City of Newport. Whereby this plaintiff, states that due to this willful neglect and negligence on the part of said City employees that her late husband, Delbert Bogart, lost his life by the negligence and willful neglect of said employees not giving her late husband, Delbert Bogart, medical services and physician's attention."

Later on the petition was amended, and plaintiff asked that Oliver N. Powers and his bondsman, Fidelity & Deposit Company of Baltimore, Md., the Fidelity & Deposit Company of Baltimore, Md., bondsman for Albert Lawrence Doyle, deceased, and George Ebbert, and his bondsman, Fidelity & Deposit Company of Baltimore, Md., be made parties and that she recover of them the sum of $20,000. There was no attempt in the amendment to state a cause of action against the new parties, and two of them, Oliver N. Powers and George Ebbert,

made a motion to strike the amended petition and entered their appearance solely for that purpose. Thereafter, on motion of plaintiff, the amended petition was withdrawn and stricken from the record. Later on plaintiff filed another amended petition, the material portions of which are as follows:

"Comes now this plaintiff, Hester Bogart, and amends her petition after obtaining leave from the court, and says that she is the administratrix and wife of the late Delbert Bogart, and is now duly qualified and under bond according to law in the County of Campbell, in the Campbell Court, state of Kentucky, and that the City of Newport, a municipal corporation in Campbell County, State of Kentucky, organized and created by an act of the General Assembly of Kentucky, and Oliver N. Powers, Albert Lawrence Doyle, and George Ebbert, were concurrently joint and severally negligent and each and all produced an act of negligence which jointly and concurrently was the proximate cause of the death of the deceased mentioned in plaintiff's petition, to-wit:

"That the deceased, Delbert Bogart, was stricken on the street with an ailment of Gastritis and fell helplessly unconscious on the street at the intersection of 9th and Monmouth Streets in the City of Newport, Campbell County, Kentucky. And that Albert Lawrence Doyle, then and there produced an act of negligence and want of care by ordering the deceased, Delbert Bogart, to be placed in the City Jail of Newport, Kentucky, without giving the said Delbert Bogart, any consideration or providing for him medical attention. Or sending the said Delbert Bogart, to a physician or hospital for examination, and that the City of Newport, Campbell County, Kentucky, sent its police patrol, operated by Oliver N. Powers, to convey the said Delbert Bogart, to the city jail of Newport, Kentucky, and that the said Oliver N. Powers, committed an act of negligence by not conveying the said Delbert Bogart, to the proper persons to give him medical attention and did not give the deceased any consideration or examination, and that the said Delbert Bogart was received by the jailer, George

Ebbert, and was lodged in said jail as stated in plaintiff's petition at the time specified therein in the City of Newport, Campbell County, Kentucky.

"And that he was confined as mentioned in said petition on or about midnight of June the 17th, 1928, until his death on or about 5 A. M. of June 18th, 1928. And that from the time which the said Delbert Bogart was confined in said jail until his death, the said George Ebbert committed an act of negligence and want of care by not giving the deceased, Delbert Bogart, proper attention or sending him to the proper person for medical attention, and permitting the said Delbert Bogart to lie in the basement of said jail on a wet and dampened floor which attributed to the cause of said Delbert Bogart's death.

"And that the said Oliver N. Powers, Albert Lawrence Doyle, and George Ebbert, were employed by the City of Newport, Kentucky, during the month of June, 1928, and were on duty at the dates mentioned herein pertaining to the death of the deceased, namely, June 17th, 1928 and June 18th, 1928, by and with the knowledge of said City of Newport, Campbell County, Kentucky. And that they were under bond by the Fidelity & Deposit Company of Baltimore, Maryland. And their agent being Adam C. Haas, 724 Monmouth Street, Newport, Kentucky.

"That Albert Lawrence Doyle is now deceased, and that his bondsman at the time of the death of the late Delbert Bogart was The Fidelity & Deposit Company of Baltimore, Maryland."

Oliver N. Powers and George Ebbert then filed a general demurrer to the amended petition, and the demurrer was sustained. The demurrer of the city of Newport to the petition and amended petition was also sustained, and the petition as amended was dismissed. Plaintiff appeals.

With respect to the liability of the city but little need be said. The jailer and arresting officers were not mere agents of the city in a private capacity, but were officers engaged in the performance of a public duty, and no principle of law is better settled than that a municipality is not liable for the negligence of its officers in exercising its governmental functions. City of Bowling Green v. Rogers, 142 Ky. 558, 134 S. W. 921, 34 L. R. A.

(N. S.) 461; Board of Park Commissioners of City of Louisville v. Prinz, 127 Ky. 460, 105 S. W. 948, 32 Ky. Law Rep. 359; O'Connell v. Merchants' & Police District Telegraph Co., 167 Ky. 468, 180 S. W. 845, L. R. A. 1916D, 508. It follows that no cause of action was stated against the city, and that the demurrer to the petition as amended was properly sustained.

It remains to determine whether a cause of action was stated against the arresting officers and the jailer. Appellant relies on the rule that negligence may be pleaded in general terms. While that is true under certain circumstances, it must not be overlooked that, where the pleader attempts to specify the negligence, the facts so specified must state a cause of action. McQuary v. L. & N. R. Co. (Ky.) 128 S. W. 329; Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084; Fuller v. Ill. C. R. Co., 138 Ky. 42, 127 S. W. 501; Woodrow v. High Splint Coal Co., 194 Ky. 30, 238 S. W. 184. Here appellant specified the negligence, and briefly stated the facts relied on are that the driver of the patrol wagon and jailer failed to give the deceased proper attention, and failed to send him to the proper person for medical attention. When and under what circumstance the driver of a patrol wagon, or a jailer, may be under a legal duty to convey a prisoner to a physician for examination and attention, or to summon a physician for that purpose, we deem it unnecessary to decide. Certainly, the duty does not arise until the condition of the prisoner is such as to require medical attention, and this fact is known to the officer, or could have been known by the exercise of ordinary care. The amended petition contains no averment to that effect. For aught that it discloses there may have been nothing in the appearance or condition of the deceased to indicate that he was ill or required medical attention. In the circumstances the case is one where appellant attempted to specify the negligence, and the facts relied on did not state a cause of action. It follows that the demurrer to the amended petition was properly sustained.

Judgment affirmed.