## Consolidated Coach Corporation v. Burge.

(Decided Nov. 1, 1932.)

R. W. KEENON and TODD & BEARD for appellant.

BARRICKMAN & KALTENBACHER and ATTKISSON & ATT-KISSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The trial court overruled a demurrer to the fourth paragraph of the answer of Burge and ordered it carried back to the petition and sustained. The Consolidated Coach Corporation elected to stand by its petition, and declined to plead further. The court dismissed its petition; hence this appeal.

Warren Burge was the owner of a truck which was

being operated by his employee on the Lexington-Louisville highway. It was standing on the right side of the highway opposite a point where the Buzzard's Roost pike intersected the Louisville-Lexington highway. A bus of the Consolidated Coach Corporation was going west on the highway, when the operator observed Burge's truck. He sounded a warning, and, in order to avoid a collision with the truck, the driver of the bus so operated it that it went off the highway, resulting in the injury of a number of passengers on the bus. Mrs. W. T. Wright, Anna Spaulding, Edward Schlumpf, and Mrs. Denhardt sustained injuries from the bus leaving the highway. Mrs. Wright filed an action in the Shelby circuit court against the owner of the bus, the Consolidated Coach Corporation. She recovered $7,500 damages. An appeal was taken to this court; the judgment was reversed, and cause remanded for a new trial. After the reversal, she and the Consolidated Coach Corporation compromised her claim, it paying her $3,850. Compromises of the claims for damage against it by the other injured passengers named above were effected; it paying to Anna Spaulding $250, to Schlumpf $200, and to Mrs. Denhardt $750. Prior to the trial in the circuit court of Mrs. Wright's action against the Consolidated Coach Corporation, it filed an action against Burge to recover of him damage for injury to the bus, alleged to have been sustained by the negligent operation and management of the truck at the time these passengers were injured. After the compromises of the claims of the passengers, the Consolidated Coach Corporation filed in an action against Burge for damage to its bus an amended petition, wherein it alleged that, by the negligence of the driver of the truck the running off the highway of its bus resulted, which caused it to pay the damages claimed by the injured passengers. A motion was made to require it to elect whether it would prosecute its cause of action set out in the original or in its amended petition. A demurrer was also filed to the amended petition, when it was dismissed without prejudice. The cause of action set up in its original petition was tried by a jury, which resulted in a verdict adverse to it. The present action was filed to require Burge to contribute a portion of the amounts paid by the Consolidated Coach Corporation to the injured passengers, on the ground that their injuries were the direct and proximate result of the joint and concurrent negligence and recklessness of the

driver of the bus and the driver of the truck. The first and second paragraphs of Burge's answer traversed the allegations of the petition; the third set out that the driver of the truck was "exercising due care" and that the injuries to the passengers were caused by the sole negligence of the driver of the bus. The fourth interposed a plea of res judicata, based on the trial of the action of the Consolidated Coach Corporation against him to recover the damage to its bus. The allegations of the third and fourth paragraphs of the answer of Burge were traversed, followed by an affirmative plea that the damage which was sought to be recovered in the action of the Consolidated Coach Corporation against him was the damage to its bus, and not contribution, and that the present action was for contribution between joint tort-feasors.

Burge insists that the Consolidated Coach Corporation had but one cause of action against him, and, when it sued him for the damage to its bus, alleged to have resulted from the negligence of his driver, the judgment therein is a bar to this action, and that to permit it to maintain this action is equivalent to allowing it to split its cause of action. He argues that no judgments were rendered against the Consolidated Coach Corporation for damages sustained by, and paid to, the passengers, and that, until judgments were rendered and paid by it, no right of action existed for contribution, even though the injuries sustained by them were the direct and proximate result of the joint and concurrent negligence of the driver of the truck and the driver of the bus; also that the petition does not state facts sufficient to constitute a cause of action against him for contribution.

When its bus was damaged by Burge's driver's negligent operation and management of his truck, its cause of action therefor accrued immediately and existed for a period of five years or until barred by the statute of limitations.

If, however, the injuries to the passengers were the proximate result of the joint and concurrent negligence of both the driver of the truck and driver of the bus, the right of action for contribution must necessarily grow out of the causes of actions in favor of the injured passengers against both the owner of the bus and the owner of the truck. An inchoate right of the owner of the bus to enforce its cause of action against the owner

of the truck, arose forthwith as an incident, in a sense, to the injured passengers' rights of actions against both owners. As long then as the injured passengers' rights to compensation remained undetermined, the subordinate right of the bus company to contribution continued, and, on payment of the compensation to the injured passengers by the owner of the bus, whether in satisfaction of judgments against it in favor of the injured passengers, or pursuant to a payment on compromises, its cause of action to enforce its right of contribution against the owner of the truck immediately accrued and existed until barred by the statute of limitations. Fox v. Western New York Motor Lines, 232 App. Div. 308, 249 N. Y. S. 623; Consolidated Coach Corporation v. Wright, 231 Ky. 713, 22 S. W. (2d) 108.

At common law no right of action for contribution existed between joint tort-feasors who were in pari delicto. Section 484a, Ky. Statutes, supplants this rule of the common law. Under it, contribution between wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude. A joint tort-feasor cannot, in virtue of the Statutes, enforce contribution of another against whom the person injured by the tort has no cause of action. Ackerson v. Kibler et al., 138 Misc. 695, 246 N. Y. S. 580. It was therefore incumbent upon the Consolidated Coach Corporation to allege facts constituting causes of action of the injured passengers against the owner of the truck as well as causes of action in their behalf against the owner of the bus. The burden rests upon it to allege the existence of all the essential facts necessary to establish that the injuries to the passengers were the direct and proximate result of negligence of the driver of Burge's truck, which, when combined and concurring with the negligence of the driver of its bus, caused the injuries to the passengers, and that it had compromised and settled their claims for the injuries respectively sustained by them. City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207; Wood v. Cumberland T. & T. Co., 151 Ky. 77, 151 S. W. 29; Louisville Taxicab & Transfer Co. v. Reno, 237 Ky. 452, 35 S. W. (2d) 902.

It is the prevailing rule that, in an action to recover damage occasioned by the defendant's negligence, the petition need not set out in detail the facts constituting

negligence alleged to be the basis of the action. If it contains facts which show the relations between the parties out of which the duty arises as to the breach of which complaint is made, then it is sufficient to allege generally that it was performed negligently and carelessly. In other words, negligence may be alleged in general terms without setting out the specific facts relied on as constituting the negligence. Louisville & N. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084; Murray v. Chesapeake & O. R. Co., 139 Ky. 379, 115 S. W. 821; Woodrow v. High Splint Coal Co., 194 Ky. 30, 238 S. W. 184; Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42; Bogart's Adm'x v. City of Newport, 234 Ky. 410, 28 S. W. (2d) 489. These elementary principles and the reasons therefor apply and control the allegations in an action by one tort-feasor against the other to recover of him contribution for their joint and concurrent negligence. An examination of the petition discloses that its allegations meet the requirements of these rules.

The petition discloses that no judgments have been rendered against the Consolidated Coach Corporation for the compensation paid by it to the injured passengers who have been paid the amounts set out in the petition. The statutes of some states provide that the right of contribution between joint tort-feasors shall not arise, and no action may be maintained by the one against the other, for contribution, except where a judgment had been rendered against him, in favor of the person entitled to compensation and has actually been paid by the suing joint tort-feasor. Schenck v. Bradshaw et al., 233 App. Div. 171, 251 N. Y. S. 316. Our statute conferring such right of action contains no such provision; nor is it susceptible to such construction. The rendition of judgments against the Consolidated Coach Corporation and their payment were not, under section 484, Ky. Statutes, a prerequisite and condition precedent to its right of action against Burge to enforce contribution as against him. The act of payment of compensation in the satisfaction of judgments or compromises to the injured passengers by the Consolidated Coach Corporation, if their injuries were the direct and proximate result of the joint and concurrent negligence of the drivers of the bus and the truck, fixed and determined its right of action against Burge. However, not being a party to the compromise settlements

of the Consolidated Coach Corporation with the passengers, he is not bound thereby. But if the amounts were in good faith paid in pursuance to compromises, made honestly and in good faith, they are prima facie correct, with the legal right in Burge to offer evidence tending to show the nonexistence of any fact essential or necessary to establish he was not liable at the time to the injured passengers, or that the compensation that was paid by the Consolidated Coach Corporation to either or all of them, was not paid in good faith, or not in accordance with a compromise, or was unreasonable or excessive.

Its compromises with the injured passengers do not deprive Burge of a trial by a jury, either as to his liability for the injuries to the passengers or as to the amount either one of them was entitled to recover. The burden is upon the Consolidated Coach Corporation to establish the negligence of both drivers of the truck and bus, as the concurring causes of the injuries to the passengers, and Burge has the right, unaffected by the compromise settlements of their claims, to rebut the evidence tending to show his driver's negligence, as well as to show that, if his driver was negligent in the operation of his truck, such was not the proximate cause of their injury, either solely, or combined and concurring with the negligence of the driver of the bus. City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212, 35 L. R. A. (N. S.) 207; Louisville Home Tel. Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 29 Ky. Law Rep. 578, 9 L. R. A. (N. S.) 548; Kelly & Shields v. Miller, 236 Ky. 698, 33 S. W. (2d) 662.

The action must be tried so far as his liability is concerned as if this was an action by the passengers against him. Verhelst Construction Co. et al v. Galles, 204 Wis. 96, 235 N. W. 556. The measure of recovery is one-half of the amount paid to each of the passengers by the Consolidated Coach Corporation in accordance with its compromises with them; in no event an amount in excess of the one-half of the total sum paid by it to them. The burden rests upon Burge to show that the compromises were not made honestly and in good faith, or that the amounts paid thereunder were unreasonable or excessive. In either of these events, the criterion is one-half of such sum or sums as the jury may believe from the evidence will fairly and reasonably compensate each of the injured passengers for the injuries, as shown

by the evidence, any one or more of the injured passengers, respectively, sustained as the direct and proximate result of the joint and concurrent negligence of the drviers of the truck and bus, including one-half of the sums paid for lost time, medical and such other bills, if any, as were actually included in the compromises, not exceeding, however, one-half of the entire amount or amounts actually paid each of them in the compromise settlements.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.