### RICH v. UNITED STATES et al.

United States District Court
S. D. New York.
April 19, 1948.

Samuel Spevack, of Brooklyn, N. Y., for libellant.

Bigham, Englar, Jones & Houston, of New York City, for respondents.

KNOX, Chief Judge.

Rich was an employee of Pyrate Tank Cleaners, Inc., and at the time of the injury complained of was engaged in the work which that corporation was performing upon the S.S. "William Crompton", then owned by the United States. Thereupon Pyrate paid him compensation under the Longshoremen's and Harbor Workers' Compensation Act of 1927, 33 U.S.C.A. § 901 et seq., for about 28 weeks, at the expiration of which time, Rich elected to sue a third party, 33 U.S.C.A. § 933, and subsequently brought this libel against the United States.

The United States now moves for leave to amend its answer to include as a separate defense that such injuries as libellant may have suffered were caused solely by the fault of Pyrate, and also for leave under Admiralty Rule 56, 28 U.S.C.A., to implead that corporation. The impleading petition does not assert any liability of Pyrate to respondent, but alleges that Pyrate is solely liable to libellant.

Rule 56 reads in part as follows:

"In any suit * * * the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter. * * *"

There is no doubt but that this is a broad rule and should be liberally construed to the end that there may be a full determination of the rights of all parties in the one proceeding. However, it has been said that this motion appeals to the judicial powers of the court, Rudy-Patrick Seed Co. v. Kokusai Kisen Kabushiki Kaisha, D.C.S.D.N.Y.1932, 1 F.Supp. 266, and it should not be granted where to do so would substantially impede the recovery sought by libellant without being of any real benefit to respondent. Dezerene v. United States, D.C.S.D.N.Y.1945, 59 F. Supp. 797.

Assuming that the Pyrate Corporation comes within the terms of the Longshoremen's Act, supra, its direct liability to its employee is exclusively under that Act. 33 U.S.C.A. § 905 reads in part as follows:

"The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except * * * if an employer fails to secure * * * compensation * * *." Liability under the Act attaches "irrespective of fault". Section 904.

Libellant argues that to implead Pyrate would unduly complicate the action with compensation questions. Nevertheless, it would seem that decision should turn

on whether or not Pyrate's liability is exclusively under the Act, or whether when impleaded as here its liability may be measured in tort. If the impleaded party's liability is exclusively under the Act, and the Act provides for liability irrespective of fault, it would be useless, and perhaps dangerous to libellant's rights, to permit the impleader. On the other hand, if the impleaded party be required to defend against the charge of fault, and if respondent may hope to be relieved in whole or in part by establishing the impleaded party's fault, permission to allow the impleader would serve the purpose of the Rule.

Five decisions within this Circuit touch upon this substantive question. The earliest is Calvino v. Pan-Atlantic S.S. Corp., D.C.S.D.N.Y.1939, 29 F.Supp. 1022. There respondent moved under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A., to implead the employer as jointly liable. The motion was denied. The Court suggested that if liability over were asserted the impleader might have been permitted. Also in point, but holding the other way, is The Tampico, D.C.W.D.N.Y.1942, 45 F.Supp. 174, 175 where the question of contribution from an impleaded employer was decided against the employer. The Court said:

"Nicholson having secured the payment to its employees of compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., is immune from suits for damages resulting from libellant's injuries brought by the libellant or anyone in his right, according to the provision of Section 905 of the Act. But the right in admiralty to contribution between wrongdoers does not stand on subrogation but arises directly from the tort. Erie R. Co. v. Erie [& Western] Transportation Co., supra, 204 U.S. [220], 226, 27 S.Ct. 246, 51 L.Ed. 450. The immunity given Nicholson by the statute from suits arising out of libellant's injuries furnishes no defense against Hedger's claim to contribution as between joint tort feasors. Briggs v. Day, D.C., 21 F. 727, 730."

Two district court opinions have considered the question of expanding the employer's liability when impleaded as liable over on a contract of indemnification, and have both held against the employer. Green v. War Shipping Administration, D.C.E.D.N. Y.1946, 66 F.Supp. 393; Severn v. United States, D.C.S.D.N.Y.1946, 69 F.Supp. 21. Both contain broad dictum that the remedy provided by the Longshoremen's Act is exclusive only in a libel by the employee against his employer.

The leading opinion in this circuit is Porello v. United States, 2 Cir., 1946, 153 F.2d 605, affirmed in part and reversed in part, and remanded sub. nom. American Stevedores, Inc., v. Porello, 1947, 330 U. S. 446, 67 S.Ct. 847, 91 L.Ed. 1011. In the Circuit Court of Appeals, the impleaded employer, the Stevedoring Company, and respondent, the United States, were found to have been both at fault. Because the employer had contracted to indemnify the respondent, the entire loss was placed on the employer. However, in the course of his opinion Judge Swan discussed the situation where there is no contract, and apparently took a position contrary to that taken in The Tampico, supra. He wrote [153 F.2d 607]:

"For a right of contribution to accrue between tort-feasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured. A.L.I.Restitution, § 86; 13 Am.Jur., Contribution, § 51. Since the libellant has no cause of action against his employer, the United States can claim no contribution on the theory of a common liability which it has been compelled to pay. See Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086; Walker v. Kroger Grocery & Baking Co., 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680." This result is supported by the language of Section 905. The Supreme Court remanded for a District Court finding on the meaning of the contract.

■ Of course, in a proper case, it would be possible to hold the employer's liability may be expanded where he is impleaded as being under liability to respondent, but that his liability may not be expanded where joint liability is asserted. Indeed, that would appear to be the present state of the law in this Circuit. Inasmuch as respondent's petition does not allege any

liability over, or even joint liability, the present motion can be decided without recourse to this line of decisions. Respondent's petition merely seeks to assert that Pyrate is directly, and solely, liable to libellant. In such a case Pyrate's liability is limited by the terms of Section 905, and Pyrate would not necessarily have an adequate motive to defend.

No claim having been asserted that Pyrate is liable over to respondent, the motion for impleader is denied, but the application for leave to amend the answer as indicated is granted. Admiralty Rule 23; Benedict on Admiralty (6th ed.) Section 355.