AMERICAN FIDELITY & CASUALTY CO.

v.

OWENSBORO MILLING CO.

No. 578.

United States District Court
W. D. Kentucky, Owensboro Division.

Feb. 12, 1954.

Joe Fuqua, doing business as the Fuqua Bus Line, that Bessie Moore Evans, while a passenger on a bus belonging to Joe Fuqua, was injured. It is alleged that the facts out of which the injury grew were as follows: the defendant, the Owensboro Milling Company, was operating a truck traveling in the same direction and in front of the Fuqua bus on which Bessie Moore Evans was riding; that a tire fell from the truck and caused the bus, upon striking it, to leave the road. The action of the bus in leaving the road, caused by hitting the tire of the defendant, resulted in the injury to Bessie Moore Evans.

Bessie Moore Evans filed suit against Joe Fuqua, doing business as the Fuqua Bus Line, in the state court. Notice was given to the Owensboro Milling Company of this fact and the fact of the subsequent settlement. The plaintiff effected a settlement with Bessie Moore Evans in the sum of $5,000.

The plaintiff in this action seeks to recover from the Owensboro Milling Company and prays as follows: "Wherefore, plaintiff prays for a judgment against the Owensboro Milling Company in the sum of $5,500.00 or for the sum of $2,750.00; for its costs and all proper relief."

The defendant filed its answer. Paragraph I of the answer is as follows: "The Court lacks jurisdiction over the subject matter for the reason that less than the required jurisdictional amount is in controversy."

The case is now before the court on the plaintiff's motion to strike this defense from the answer.

The plaintiff has sought to invoke the provisions of Rule 8(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., by pleading two separate causes of action and praying for relief in the alternative. One of these causes of action arises under the common-law right of indemnity to recover the whole amount paid out by the plaintiff by reason of the alleged negligence of the defendant,

Stoll, Keenon & Park, Lexington, Ky., Woodward, Bartlett & McCarroll, Owensboro, Ky., for plaintiff.

Byron, Sandidge & Holbrook, Owensboro, Ky., for defendant.

SWINFORD, District Judge.

The plaintiff alleges that it was on December 5, 1952, the insurer of one

its agents, servants, and employees, as the sole cause of the damage for which the plaintiff was required to settle in the state court. There is no question but that such a claim, if properly plead and established by proof, is one on which the plaintiff could recover from the defendant. Brown Hotel Co. v. Pittsburg Fuel Co., 311 Ky. 396, 224 S.W.2d 165; Chesapeake & O. Ry. Co. v. Clayton & Lambert Mfg. Co., 6 Cir., 188 F.2d 68.

■ Since the amount paid was $5,000 this court has jurisdiction of such action and the motion to strike should be sustained.

■ The alternative plea of the plaintiff seeks to recover contribution by reason of KRS 412.030. The most money that could be recovered in an action for contribution would be one half of the sum paid. Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086. There could be added to this a reasonable attorney's fee, made necessary by the claim against the joint tort-feasor. There was, of course, no such right at common law. Under the statute there may be contribution among parties in pari delicto. Brown Hotel Co. v. Pittsburg Fuel Co., supra.

■■ The record in the case at bar clearly shows that the plaintiff's cause of action for contribution is without the jurisdiction of this court. A federal court may not assume jurisdiction of a separate and distinct nonfederal cause of action even though it is joined in the same complaint with a federal cause of action. Markert v. Swift & Co., 2 Cir., 1951, 187 F.2d 104.

■■ The applicable rule is stated in the following language in the case of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 589, 77 L.Ed. 1148:

"The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

The motion to strike the defense of lack of jurisdictional amount in the cause of action for contribution is overruled.

An order in conformity with this memorandum is this day entered.