Harrell F. HUGGINS, Plaintiff,

v.

Dr. Joseph W. GRAVES and Nazareth Literary and Benevolent Institute, Defendants and Third-Party Plaintiffs-Appellees,

v.

Dr. Chester G. ADAMS, et al., dba, Anesthesiologists Associated, Third-Party Defendants-Appellants.

No. 15303.

United States Court of Appeals
Sixth Circuit.

Oct. 28, 1964.

---

Sizer Chambliss, Chattanooga, Tenn., F. Thornton Strang, Chattanooga, Tenn., on brief; Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., of counsel, for third-party defendants-appellants.

William W. Haynes and Alvin O. Moore, Chattanooga, Tenn., Spears Moore, Rebman & Williams, Chattanooga, Tenn., on brief; Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., of counsel, for defendants and third-party plaintiffs-appellees.

Before MILLER and CECIL, Circuit Judges, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This case arose from the confusing of two patients in a hospital and the consequent performing on each patient of the operation intended for the other.

In the removal of the two patients from their hospital rooms to the operating rooms, the hospital charts of the patients were mixed and each patient was then placed in the operating room scheduled for the other. The result was that the plaintiff who had been scheduled for a hemorrhoidectomy at the hands of one doctor received instead an orchidectomy and hernia operation at the hands of another doctor. At the same time, the patient for the orchidectomy and hernia operation had removed instead a hemorrhoidectomy. Those errors were not discovered until some time later when one of the patients was returned to the other patient's room following the operation.

This action was brought in the District Court by Harrell F. Huggins, one of the patients, against Dr. Joseph W. Graves who performed the operation upon the plaintiff and against the Nazareth Literary and Benevolent Institute, the corporation which owns and operates the hospital in which the operation was performed. Plaintiff's claim was based upon negligence.

Thereupon, the doctor and the hospital, filed a third party proceeding against a number of doctors doing business as partners under the style of Anesthesiologists Associated, hereinafter referred to as Anesthesiologists, one of whom administered the anesthesia to the plaintiff without having identified him and thereby preventing his identification by others. The third party proceeding sought indemnity from the Anesthesiologists or, in the alternative, contribution from the anesthesiologists as joint tort feasors with the doctor and the hospital.

The case was heard by a jury upon special issues. The jury returned a verdict in the amount of One Hundred Thousand Dollars ($100,000.00) in favor of the plaintiff against the doctor and the hospital and awarded contribution to the doctor and the hospital against the anesthesiologists. The jury found against the claim of the doctor and the hospital for indemnity.

The Anesthesiologists moved for a directed verdict or for a judgment notwithstanding the verdict upon the grounds (1) that contribution between

joint tort feasors is not permitted by the law of Tennessee, (2) that if contribution is permitted it must be brought in a separate suit after judgment has been rendered against and paid by the party seeking contribution, and (3) that the evidence was insufficient to support a finding that the Anesthesiologists were tort feasors from whom contribution might be required. The amount of contribution, if it should be awarded by the jury, was stipulated by the parties before submission of the case to the jury and is not an issue.

In a thorough and well-reasoned opinion, the District Judge discussed these issues and the Tennessee authorities applicable thereto and overruled the motions. Huggins v. Graves, 210 F.Supp. 98, E.D.Tenn.

With respect to the second contention of the Anesthesiologists the judgment awarding contribution was so worded as to require payment by the defendants of the One Hundred Thousand Dollars ($100,000.00) judgment in favor of the plaintiff before they would be entitled to the contribution awarded. This judgment was thereafter paid by the defendants. The present appeal is by the Anesthesiologists from so much of the judgment that awarded contribution by them to the doctor and the hospital.

We are of the opinion that the rulings of the District Judge, with respect to the issues presented to him, are correct for the reasons stated by him in his opinion. It is accordingly, unnecessary, to discuss those issues here and this opinion will be directed to the following additional question presented by appellants' brief.

On this appeal, the third party defendants do not urge upon us the insufficiency of the evidence to support a finding that the Anesthesiologists were tort feasors from whom contribution might be required. Instead, it is now contended that the District Judge could not enter a valid judgment of contribution against the third party defendants when no judgment had been rendered holding the anesthesiologists liable to the original plaintiff. They contend that such a judgment in

favor of the plaintiff is essential in order for contribution to exist, Vaughn v. Gill, 264 S.W.2d 805, Tenn., (no official report) and since there was no diversity of citizenship between the plaintiff and the third party defendants, there was no jurisdiction in the District Court under which such a judgment in favor of the original plaintiff could be rendered. This point was apparently not pressed upon the District Judge in his consideration of the sufficiency of the evidence to support the judgment enforcing contribution, and might properly be considered as not being before us on the appeal. Helvering v. Wood, 309 U.S. 344, 348–349, 60 S.Ct. 551, 84 L.Ed. 796; Doll v. Glenn, 231 F.2d 186, 190, C.A.6th. However, we will give it consideration. Hormel v. Helvering, 312 U.S. 552, 556–559, 61 S.Ct. 719, 85 L.Ed. 1037.

■ If jurisdiction exists between the plaintiff and the original defendants, as it does in this case, it is not necessary that independent jurisdiction exist between the original defendants and a third party defendant in third party procedure under Rule 14, Rules of Civil Procedure, in order for the original defendants to recover a judgment against the third party defendants. Dery v. Wyer, 265 F.2d 804, 807, C.A.2nd; United States v. Acord, 209 F.2d 709, 712, C.A.10th, cert. denied, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115; Southern Milling Co. v. United States, 270 F.2d 80, 84, C.A.5th.

But for the purposes of this discussion, we assume, as appellants contend, that independent jurisdiction must exist between the original plaintiff and a third party defendant in order for the original plaintiff to recover a judgment against a third party defendant. Friend v. Middle Atlantic Transp. Co., 153 F.2d 778, C.A. 2nd, cert. denied, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635. In the present case, jurisdiction does not exist between the original plaintiff and the third party defendants.

If contribution depends upon a judgment in favor of the plaintiff against the third party defendants, the judgment awarding contribution is invalid, because

there is no such judgment. We agree with appellant's further contention that if the District Court's judgment rests upon an implied judgment in favor of the original plaintiff against the third party defendants, it can not stand, because there is no jurisdiction to authorize such an implied judgment.

But we are of the opinion that the District Court's judgment does not rest upon any implied judgment in favor of the original plaintiff and that no judgment in favor of the plaintiff against the third party defendants is necessary in order to validate the judgment of contribution against the third party defendants.

■ As a matter of procedure, Rule 14 does not require that a third party defendant be liable to the original plaintiff, in order for the original defendant to proceed with his claim against a third party defendant and recover judgment thereon. On the contrary, it provides that the original defendant may proceed against a person not a party to the action who is or *may be* liable to *him* for all or part of the plaintiff's claim against him. Fong v. United States, 21 F.R.D. 385, D.C.Cal.; Kohn v. Teleprompter Corp., 22 F.R.D. 259, D.C.N.Y.; Murtagh v. Phillips Waste Oil Pick-Up & Road Oiling Service, Inc., 17 F.R.D. 495, D.C. Mich.

■ As a matter of substantive law, the principle of contribution is founded not upon contract but upon principles of equity and natural justice, which require that those who are under a common obligation or burden shall bear it in equal proportions and one party shall not be subject to bear more than his just share to the advantage of his co-obligor. The basic elements are that both parties be under a common obligation and that the party seeking contribution has paid more than his proper share of the obligation. Although the legal obligation on the part of each obligor must actually exist, it is not a requirement, in the absence of a statute so providing that the obligation be reduced to a judgment against either one or both of the co-obligors. Payment in full by one of the co-obligors of a valid obligation of both obligors gives rise to the right of contribution against the one not participating in the payment. The party seeking contribution has the burden of showing that the obligation was a valid one against both of the parties, if the validity of the claim is challenged, and while a judgment is conclusive on this issue it is not necessary that it be proved in that way. If a judgment has not been rendered, the validity of the claim against both of the parties can be determined by the Court in the action seeking contribution. The basic question is whether the parties are actually legally obligated, not whether the obligation has been reduced to a judgment. Howey v. Yellow Cab Co., 181 F.2d 967, 973, C.A.3rd, affirmed 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; Consolidated Coach Corporation v. Burge, 245 Ky. 631, 636–637, 54 S.W.2d 16, 85 A.L.R. 1086; Zontelli Brothers v. Northern Pacific Railway Co., 263 F.2d 194, 199, C.A.8th; Contribution, 13 Amer. Jur., Sect. 54; 18 C.J.S., Contribution § 4, page 9; Restatement, Restitution, Sect. 86, page 389.

■ Appellants' liability for the injuries to the plaintiff was determined by the jury in the present third party proceeding, in which the appellants had their day in Court. We consider it immaterial that no judgment was rendered against the appellants in favor of the plaintiff, who did not seek such a judgment, or that jurisdiction did not exist under which such a judgment could have been rendered.

There being no error in the procedure under which the verdict was reached, and it not being necessary in order for the defendants to obtain contribution that a judgment be entered in favor of the plaintiff against the third party defendant,

The judgment of the District Court is affirmed.