## City of Covington v. Faulhaber, et al.

(Decided November 8, 1917.)

Appeal from Campbell Circuit Court.

1. Nuisance—Waters and Water Courses—Damages—Compensatory Not Punitive.—Where a waterworks company in draining its reservoirs permitted the water to flow down a creek, the lower proprietor, who claimed he was damaged by the water flowing through his premises, was not entitled to punitive damages, as there was no evidence to show that the nuisance complained of was committed in a high-handed, malicious or oppressive manner, or in reckless disregard of his rights.

2. Trial—Objectionable Evidence and Argument.—On the second trial of a damage suit, or on a trial under a new petition to recover damages for an injury for which damages had been recovered in a former suit, no reference either in evidence or argument should be permitted to be made to the former trial or to the former suit. The case should be heard and disposed of as an independent action without regard to anything that happened in a previous suit, or in that suit on a former trial.

3. Nuisance—Temporary or Permanent Injuries—Damages.—Where a waterworks company in draining its reservoirs permitted the water to flow on the premises of a lower proprietor, each recurring injury sustained by the lower proprietor may be made the basis of a separate suit where there was evidence tending to show that the reservoirs could be cleaned in such manner as not to injure the lower proprietor.

4. Nuisance—No Prescriptive Right to Maintain.—It matters not how long the city had been draining its reservoirs in the manner it did, it had no right to clean or drain them in such manner as to injure the water or premises of the lower proprietor.

FREDERICK W. SCHMITZ for appellant.

B. F. GRAZIANI and HORACE W. ROOT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The city of Covington has a municipal water works plant, and the three reservoirs used in connection with this plant are situated in Campbell county on the east side of the Alexandria pike. On the west side of this pike and opposite the land on which these reservoirs are located, the appellees own a small farm which was acquired by them in 1910. The reservoirs of the city were erected about 1890, and it has been the custom of the city each year since their erection to drain the water out of one of these reservoirs, and when it was so drained out to wash out the reservoirs with fresh, clean water. Under this custom one of the reservoirs would be drained and cleaned every three years.

In the course of this draining and cleaning process the water contained in the reservoirs flowed out in a natural drain on to the premises to which the city had acquired title in connection with the land covered by its reservoirs. When the water ran into the drain it followed its course to the Alexandria pike, passing under this pike in openings made for the purpose, and thence flowed into a little creek, as it is sometimes called in the record, through the land of the Faulhabers.

In 1914 the Faulhabers brought this suit, charging that in October, 1914, the city, in draining and cleaning out one of its reservoirs, negligently permitted to escape a great quantity of water therefrom, which flowed into the drain on the city's land, thence into the creek on their land, carrying with it large quantities of mud, filth and refuse, which were cast upon their land; that the filthy water, together with the mud, filth and refuse, polluted the creek on their property to such an extent that their stock could not drink therefrom, and also injured and destroyed grass, flowers and shrubbery on their land adjacent to the creek; and further averred that pools of stagnant water were left standing on their land that made unhealthful and disagreeable odors.

In an amended petition it was charged that in a suit similar to this brought by them in 1913 to recover damages for a like nuisance committed in 1912 there was a judgment in their favor against the city for five hundred dollars, which was satisfied without an appeal, and that the present cause of action for this subsequent nuisance originated after the judgment in the first case in which it was judicially established that the conduct of the city in permitting the water from its reservoirs to flow in the manner stated through their land was a nuisance; that the acts of the city in permitting a recurrence of the nui-

sance in 1914 were wilfully and maliciously done, in wanton and reckless disregard of their rights, and they asked punitive as well as compensatory damages.

The city, for answer and counter-claim to the petition as amended, set up that the water works plant was completed more than 25 years before the institution of the action, and each year the reservoirs had been drained and washed out in the same manner that they were drained and washed out in 1914, and that the cause of action asserted by the plaintiffs was barred by the five year statute of limitation. It further claimed that as the city had enjoyed and exercised uninterruptedly for 25 years or more the right to discharge in the same manner as it did in 1914 the water flowing from its reservoirs when they were drained and cleaned, it had acquired a prescriptive right to this privilege over and through the lands of the Faulhabers which could not be interfered with or obstructed by them.

On a trial of the case there was a judgment in favor of the Faulhabers for $202.00, made up of $150.00 compensatory and $52.00 punitive damages. Complaining of this judgment, the city has filed the record in the clerk's office of this court and moved the court to grant it an appeal, which motion is sustained.

The damages, if any, to which the plaintiffs were entitled should be limited to compensation, and therefore it was error for the court to instruct the jury that they might find for punitive damages, as there was no evidence that the nuisance complained of was committed in a high-handed, malicious or oppressive manner, or in reckless disregard of the rights of the plaintiffs.

No reference should have been allowed by the court, either in pleading, evidence or argument, to the former suit between the same parties in which damages were recovered for a similar alleged nuisance, and it was also improper to permit plaintiffs, either in evidence or argument, to make any reference to a former trial of this case in which there was a judgment that was set aside. What was done in former suits, or in this suit on a former trial, had no competent or relevant bearing on the case at this trial and it should have been heard and disposed of as an independent action without regard to anything that happened in previous suits or in this suit on former trial.

The demurrers to the answer of the city pleading limitation and also the right to an easement by prescription were properly sustained.

There was really only one issue in the case to which the evidence should have been directed and the jury instructed, and that was whether the city had permitted the water, filth and refuse, any or all, to flow into the creek running through the land of the plaintiffs or over their land in such manner as to damage them.

It matters not how long the city had been draining and cleaning these reservoirs in the manner it did. It had no right to drain or clean them in such manner as to injure the water or premises of lower proprietors; but the city had the right to show by its witnesses the manner in which these reservoirs were drained and cleaned and every fact and circumstance connected with the draining and cleaning tending to show that no damage was caused to plaintiffs or other lower proprietors by the method employed by the city.

If the plaintiff has been damaged by the conduct of the city in respect to the draining and cleaning of these reservoirs, each recurring injury may be the basis of a separate suit, as there is evidence tending to show that they can be cleaned in such a manner as not to injure the water or premises of lower proprietors such as the plaintiffs. So many cases on the subject matter of this suit and the rights and remedies of the parties have been written, that it is not necessary to extend this opinion by citation of authority.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.