## Leigh Banana Case Company v. Paducah Spoke Company.

(Decided April 24, 1919.)

### Appeal from McCracken Circuit Court.

1. Trial—Verdict—Sufficiency of Evidence.—In an action to recover balance due for banana crate bottoms, where the purchaser counterclaimed for damages on account of defective material, the verdict of the jury held not flagrantly against the evidence.

2. Trial—Action for Articles Furnished—Counterclaim for Damages. —Instructions.—Where it is sought to recover for articles furnished and the defendant counterclaims for damages for defective material, it is proper to instruct the jury to find for plaintiff the contract price, and for the defendant the amount of damages for defective material, and render judgment for the difference in favor of the party entitled thereto.

3. Appeal and Error—Extent of Error—De Minimis—Reversal.— Under the maxim, "De minimis non curat lex," a judgment for $1,004.00 will not be reversed for error operating to the appellant's prejudice in the sum of only $7.42.

JOHN K. HENDRICK for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Leigh Banana Case Company ordered a large quantity of banana crate bottoms of certain dimensions from the Paducah Spoke Company. After crediting the account with certain payments there remained due the sum of $1,004.64, which included freight charges on certain machinery aggregating the sum of $7.42. This suit was brought by the Paducah Spoke Company to recover the balance due. The defendant interposed a counter-

claim for damages in the sum of $1,134.00 for defective material, and asked judgment over against the plaintiff for the sum of $130.00. The jury found for plaintiff in the sum of $1,004.64 and awarded defendant $152.00 on its counterclaim. Plaintiff was given judgment for the difference and defendant appeals.

Five witnesses for the defendant, each of whom examined certain shipments, claimed that about 20 per cent. of the bottoms were defective. On the other hand, about the same number of witnesses, who inspected the bottoms and were familiar with the material used, testified that the bottoms conformed to the specifications contained in the contract. Under these circumstances, we cannot say that the finding of the jury is flagrantly against the evidence.

The court gave four instructions. By the first instruction, the jury were told to find for plaintiff in the sum of $1,004.64. By the second instruction, the jury were told in substance that if the bottoms were defective they should find for the defendant on its counterclaim. By instruction No. 3, the jury were told that if they found for the defendant on its counterclaim they should find a sum in damages equal to the difference between the reasonable value of the bottoms furnished and the contract price therefor, not to exceed the amount of the counterclaim. By instruction No. 4, the jury were told, that if their finding for the defendant on its counterclaim was less than the amount claimed by plaintiff, they should deduct the finding on the counterclaim from the amount they were directed to find for plaintiff, and find for plaintiff the balance, but if their finding for the defendant should exceed the amount they were directed to find for plaintiff, they should deduct from the amount found for defendant the amount they were directed to find for plaintiff and find for defendant the balance. It is insisted that the jury should not have been told to find for plaintiff the sum sued for because it necessarily impressed upon the jury the idea that plaintiff ought to recover, and that, too, even though the bottoms were defective. With this contention we are unable to agree. Where it is sought to recover for articles furnished and the defendant counterclaims for damages for defective material, there is no better way to arrive at a just verdict than to find for plaintiff the contract price and for the defendant the amount of damages for defective ma-

terial, and render judgment for the difference in favor of the party entitled thereto. The instructions, considered as a whole, not only comply with this rule but are such as are usually given in this character of cases. But it is further insisted that instruction No. 1 is erroneous because it includes the item of $7.42 for freight charges and there was no evidence to support this item. Even if that be true, the judgment will not be reversed on that account. It is a case where the maxim "*de minimis non curat lex*" applies. Brady v. Ranch Mining Co., 94 Pac. 85, 7 Cal. App. 182.

Judgment affirmed.