# Herbold v. Ford Motor Co.

June 17, 1949.

**698**

Joseph J. Hancock and Woodward, Dawson, Hobson & Fulton for appellant.

Robert L. Page and Edwin O. Davis for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is from a judgment for the defendant in an action by a pedestrian for personal injuries sustained by being struck by the defendant's automobile in Louisville.

Broadway at Ninth is very wide, there being six lanes of traffic. The plaintiff, Mrs. Ethel L. Herbold, started across from the north to the south side of Broadway in the west crosswalk while the traffic control signal light was green. When she reached the center of the street, she was confronted by a crowd of people coming in the opposite direction. It was about five o'clock in the afternoon when the employees in the general offices of the Louisville and Nashville Railroad Company on the southwest corner were leaving the building. It was drizzling with the appearance of an immediate downpour of rain. Everybody was in a hurry, and Mrs. Herbold was buffeted and obstructed by the crowd. She realized from past experience that the light would probably change to red before she could get all the way across, there being only twenty seconds allowed for a pedestrian to cross this wide street on the green light. When she reached the center of the street, she left the crosswalk, went west diagonally across the fourth traffic lane (from her standpoint) perhaps thirty-five feet, and then went between two stationary automobiles which were waiting in the fifth lane for the light to change. As she came from between the cars she glanced westwardly and, as she says, does not remember having seen any approaching automobile. She regarded her way clear to cross the sixth lane and reach the sidewalk. According to the plaintiff's proof, a small truck being driven by Charles J. Villier, an employee of the defendant, Ford Motor Company, drove up at an excessive rate of speed in the sixth traffic lane and struck her. Her proof tends to show that there was no horn blown or other signal of approach given. Mrs. Herbold suffered severe and permanent injuries.

There was a traffic control signal light in operation

also at Tenth Street, west of Ninth. Under such conditions the applicable satute is: "Beween adjacent intersections at which traffic control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk." KRS 189.570(4) (c). The first instruction given by the court defined ordinary care. The second instruction is as follows:

"Mrs. Herbold disregarded the law when she left the walkway across Broadway and moved to a point westward of that walkway, and when she passed between the two cars stationary in lane No. 5, intending to cross the roadway towards the south curb, she placed herself in a position of peril from traffic that was on that side of Broadway.

"You will, therefore, find for the defendant, Ford Motor Company, unless you believe from the evidence that Villier coming eastward on Broadway saw her peril, or by the exercise of ordinary care, as defined in the first instruction, could have seen her peril in time to have by exercise of ordinary care, and the use of the means at his command, stopped his car or changed its course in time to have averted the contact between the car and Mrs. Herbold, in which event you should find for the plaintiff, Mrs. Herbold."

The appellant contends that this instruction was prejudicially erroneous both in substance and form. It is obviously a peremptory instruction that as a matter of law the plaintiff was guilty of negligence and that the essential element of proximate contribution was established. An instruction offered by the plaintiff and refused by the court contained the condition of an emergency. It is submitted that, though the plaintiff may not have taken the safest course, she could yet recover for injuries sustained if the jury believed that she was required to act suddenly, in the emergency, without opportunity for deliberation; that having found herself in a position of sudden peril in the emergency she was not bound to take the best or safest course in order to protect or extricate herself from the danger. It is argued that the jury should have been so instructed in connection with an instruction on contributory negligence. Typical cases supporting the principle of law are Creasy v. Bunch, 232 Ky. 56, 22 S. W. 2d 446; Commonwealth

v. Bowman, 267 Ky. 50, 100 S. W. 2d 801; Rabold v. Gonyer, 285 Ky. 618, 148 S. W. 2d 728. The statute is not certain as it relates to the right-of-way as between an automobile and a pedestrian on a crosswalk who may be caught by a change in the traffic signal light from green to red. Indeed, such a situation is not referred to. The statute provides that where there is no signal light a pedestrian has the right-of-way at a street intersection crosswalk and the operator of an automobile must yield. KRS 189.570(2). The subsection (4) which deals with the respective rights-of-way under conditions like those present in this case is silent except the qualification that, notwithstanding its provisions, "every operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing a child or a confused or incapacitated person upon a roadway." KRS 189.-570(4) (d). However, we think the customary observance of due care justifies the preferential right of the pedestrian to proceed across the street and the observance of a duty by the driver of an automobile to yield the right-of-way to the pedestrian until he reaches the opposite side. This is the generally accepted construction of such statutes though there is authority to the contrary. Annotation 164 A. L. R. 28; 5 Am. Jur., Automobiles, sec. 453.

Therefore, Mrs. Herbold need not have left the crosswalk notwithstanding the buffeting of the crowd, though we may assume she did not know her legal right. We do not think such emergent peril existed as to make applicable the rule contended for. It was readily apparent that there was greater danger in leaving the crosswalk full of people and going down the middle of the street a distance equal to that the lady would have had to travel directly to the curb and then darting beween the automobiles waiting for the signal to change any moment. The court is of opinion that it was not error to omit an instruction on contributory negligence as thus qualified or defined. Without this qualification, or the right to it, it must be held the trial court properly ruled that the plaintiff was guilty of contributory negligence as a matter of law and that her right of recovery was dependent alone upon the last clear chance rule.

This seems to be the meaning of subsection (4) (d) of KRS 189.570, above quoted.

The form of the instruction is unusual. It bluntly told the jury that the plaintiff had disregarded the law. The appellant submits that this preface is not in accord with accepted principles of instructing a jury; that it was superfluous, and, worse still, singled out and gave undue prominence to the plaintiff's act and thereby diverted attention from her legal right as contained in the instruction which it introduced. In support of the argument, Stanley's Instructions to Juries, sections 17 and 28 are cited. Furthermore, it is argued that this preface prejudiced the plaintiff's case by branding her as a violator of the law. We do not agree wholly as to the poisonous effect of this part of the instruction, but we think it would have been better to have omitted the preface altogether, or to have followed the usual form of declaring in language less harsh what the plaintiff's duty was under the statute. However, the court is of the opinion that the form was not prejudicial.

The appellant also claims error in rejection of evidence. Howard Kenney testified as to the excessive speed of the defendant's automobile and that it had passed him as their cars approached the crossing; also that, though at the moment he was behind the truck, he saw the plaintiff emerge from between the cars before she was struck. There was submitted to the witness on cross-examination a statement which he had signed which contradicted his testimony in a very material degree, namely, that the plaintiff left the other curb in the middle of the block and ran across to the south side of the street. The witness explained that the statement had been signed by him without reading it and that the contradictory matter was not in fact stated by him. The defendant then introduced Albert Reutlinger, who testified he had taken the statement and read it over to Kenney before he had signed it. The witness stated that he was an associate in the office of the attorney for the defendant, Ford Motor Company, who had asked him to find the witness and obtain a statement from him. In chambers, the plaintiff's counsel inquired whether the witness had obtained the statement for a certain insurance company. He insisted that he was not employed by that or any other insurance company, and on this occa-

sion was acting for Mr. Page with whom he was associated in the practice of law. However, he testified that Mr. Page was also attorney for the insurance company which carried liability in the case. The court overruled the plaintiff's motion that this testimony be heard by the jury, and the record made in the judge's chambers was put into the record as an avowal.

Notwithstanding the rigid rule of excluding evidence which tends to reveal that an insurance company would have to pay any judgment obtained against the defendant, we have ruled that, where such insurance carrier injects itself into the case and its agent or representative testified adversely to the interest of the plaintiff, it is competent for him to show whom the witness was representing since this would tend to show bias or special interest of the witness. Hedger v. Davis, 236 Ky. 432, 33 S. W. 2d 310; Cadle v. McHargue, 249 Ky. 385, 60 S. W. 2d 973; Silver Fleet Motor Express v. Gilbert, 291 Ky. 696, 165 S. W. 2d 541. In the instant case, however, the witness had disclosed that he was an attorney in the office of the lawyer for the defendant, Ford Motor Company. We are of opinion that the rejection of the proffered evidence was not a prejudicial error.

Wherefore, the judgment is affirmed.