**HOWARD et al. v. ADAMS.**

Court of Appeals of Kentucky.
Feb. 29, 1952.

Harkins & Harkins, Prestonsburg, for appellants.

Ed King, Paintsville, Lyle K. Phelps, Lexington, for appellee.

CLAY, Commissioner.

In this automobile accident case appellee recovered a judgment of $1500 for damage to his car and the loss of its use.

Appellee's automobile collided with a truck owned and operated by appellants

when he attempted to pass. He testified the truck pulled to its left without warning, when or just before he sounded his horn. The driver of the truck testified he changed his course to miss a dip in the road, without knowing appellee was passing at the time. Appellants contend they were entitled to a directed verdict, but the question of whose negligence proximately caused this accident was one for the jury. That issue was properly submitted.

■ Appellants next contend that witnesses who testified regarding the damage to appellee's automobile were not expert repairmen and their testimony was incompetent. However, they testified with respect to the difference in the reasonable market value of the automobile before and after the accident, and as that was the issue involved, they were qualified to express their opinion.

The next two alleged errors are related. The court permitted appellee over objection to testify at length concerning negotiations with an insurance agent and appellants' attorneys after the accident. The jury awarded appellee $750 for the loss of use of his automobile, and it is claimed this is excessive. Appellee attempts to justify this apparently incompetent evidence and the apparently excessive verdict on the ground that the negotiations with appellants' representatives were the cause of the delay in having the vehicle repaired. We cannot accept this view.

■■ If appellee was entitled to recover for the loss of use, the period of this allowance is a reasonable time. His own unnecessary delay before attempting to have the repairs made cannot properly be computed, as he is under a duty to mitigate damages. Nor may time consumed in the negotiations for a settlement be computed as part of the reasonable time within which to effect the repairs. The evidence does not show that appellants or their representatives made any representations upon which appellee had a right to rely as justification for five months' delay.

■ The testimony concerning negotiations was not only incompetent as being entirely irrelevant to the issues in the case, but was incompetent because it injected the subject of insurance. It should not have been admitted, and the allowance for loss of use, obviously based on this evidence, was excessive. For these reasons the judgment must be reversed.

The judgment is reversed for a new trial.