**LEXINGTON GLASS COMPANY and Morris R. Burns, Appellants,**

**v.**

**ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, Ltd., Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, Julian W. Knippenberg, Lexington, for appellants.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

COMBS, Justice.

This is an action by the insurance carrier of one tort-feasor against a third party whose negligence, it is charged, was a concurring cause of the accident. The applicable statute is KRS 412.030.

Morris Burns, in the course of his employment with the Lexington Glass Company, parked his employer's station wagon on the north side of Todd's Road, a detour route between Lexington and Winchester. According to Burns, his vehicle extended over the hard surface of the highway not more than two feet. There is testimony, however, that most, if not all, of the vehicle extended over the hard surface so as to block the west traffic lane. The highway is approximately 16 feet wide at this point. While the station wagon was so parked, two trucks approached from opposite directions. One of the trucks was driven by H. M. Culbertson; the other by Howard Webster, accompanied by his brother, W. S. Webster. As the two trucks were in the act of passing at or near the parked station wagon, Culbertson cut his vehicle to his left in order, as he says, to avoid hitting the parked station wagon, and

collided with the Webster truck. The Webster truck was damaged and W. S. Webster was injured. Culbertson's insurance carrier, the appellee here, paid to the Websters $5,000 in settlement of their claim, and filed this suit against Burns and the Lexington Glass Company, appellants here, for contribution in the amount of $2,500. A jury found for the appellee for the amount claimed.

It is first suggested that appellants were entitled to a peremptory instruction because the settlement made with the Websters was excessive. We do not agree. The rule is that a joint tort-feasor from whom contribution is sought is not bound by a compromise settlement, if it is shown that the settlement was for an excessive amount. But if the settlement is made in good faith pursuant to an honest compromise, the amount of the settlement is prima facie correct. Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086. There is no evidence in the record from which the court could have found as a matter of law that the amount of the settlement was excessive, and we note that no instruction to the jury on this point was requested by the appellants.

The trial court gave the following instruction:

"Instruction No. 1.

"If you believe from the evidence that Morris R. Burns, employee of the Lexington Glass Company, parked his station wagon on the main traveled portion of the highway, at the time and place described in the evidence, and that such parking, if any, was a direct and proximate cause of the collision and the injuries, if any, to W. S. Webster and Howard Webster, and concurred with the negligence of the Station Construction Company driver to cause said collision and injuries, then the law is for plaintiff against both defendants, Morris R. Burns and Lexington Glass Company, and you will so find, but unless you so believe you will find for the defendants."

■ Appellants contend that the court erred in failing to give the converse of this instruction. The instruction given properly submitted all the issues in the case and its converse would have served merely to confuse rather than to clarify. City of Madisonville v. Nisbet's Adm'r, 270 Ky. 248, 109 S.W.2d 593; Louisville and Nashville Railroad Company v. Rowland's Adm'r, 227 Ky. 841, 14 S.W.2d 174.

■ It is insisted by appellants that this case is controlled by Hines v. Westerfield, Ky., 254 S.W.2d 728. In that case, defendant's car was parked parallel with the street curb so as to extend two or three feet out into the street which was 21 feet wide. The plaintiff in that case, in passing the parked car, was crowded into a ditch by a third car. We held that as there was ample room for two cars to pass at the point where defendant's car was parked, the negligence of the driver of the third car was an intervening act of negligence which served to relieve from liability the driver of the parked car. The decisive factor was the undisputed evidence that there was sufficient space for two cars to pass safely at the point where the car was parked. That is not this case. Here, there was a conflict in the testimony as to how far appellant's station wagon extended over the hard surface of the highway, the preponderance being that it completely blocked the west lane of traffic. It was for the jury to resolve the conflict. The jury apparently believed the testimony of appellee's witnesses on this point. The case thus falls within the rule applied in Bosshammer v. Lawton, Ky., 237 S.W.2d 520, where we affirmed a judgment for damages against one who had parked his automobile so as completely to obstruct one lane of traffic on an eighteen-foot highway.

■ It is also said by appellants that the court erroneously permitted the question of insurance to be injected into the case. Appellants introduced as a witness an investigator who is employed by the law firm which now represents them. He testified in regard to certain measurements which he had made on the highway at the scene of the accident. The witness was asked on cross-examination what connection the law firm by which he was employed had with the accident and answered that it represented the United States Casualty Company. We do not regard the question as improper under the circumstances here shown. Since the investigator had testified adversely to the appellee, it was competent on cross-examination for appellees to show the witness' connection with the case in order to disclose possible bias or interest on his part. Herbold v. Ford Motor Company, 310 Ky. 697, 221 S.W.2d 646; Silver Fleet Motor Express v. Gilbert, 291 Ky. 696, 165 S.W.2d 541.

We find no merit in the argument that the verdict is not sustained by sufficient evidence.

The judgment is affirmed.