**H. H. TRIPLETT, et al., Appellants,**

**v.**

**Dewey NAPIER, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1955.

Rehearing Denied Feb. 10, 1956.

Stites, Wood, Helm & Taylor, Lively M. Wilson, Louisville, for appellants.

Robert Hubbard, E. P. Mengel, Louisville, for appellee.

MONTGOMERY, Judge.

Dewey Napier recovered judgment in the sum of $7,500 for injuries suffered to his back when he fell on the stairway in an apartment house owned by H. H. Triplett, Anna Triplett, and Mary E. Wright. From this judgment, an appeal has been taken. The grounds urged for reversal are: (1) the jury should have been peremptorily instructed to render a verdict for appellants, and (2) appellee's attorneys were guilty of misconduct to the prejudice of appellants' substantial rights.

On January 2, 1954, appellee called on a young lady who lived on the third floor of the apartment house owned by appellants. He testified that he went up the steps without any difficulty and noticed nothing wrong with them. As he came back down, however, he stated that the second or third step above the landing between the first and second floors slipped forward and caused him to fall across the eight foot length of the landing, coming to rest at the head of the flight of stairs going from the landing to the first floor. At the time of the accident, appellee was carrying a recording machine which weighed approximately thirty-five pounds.

The testimony was conflicting as to the defective condition of the stairway and to the notice of such condition being given to the agent of appellants. At the close of the evidence for appellee, and at the close of all the evidence, appellants moved for a peremptory instruction in their favor, which motions were overruled.

In view of our conclusion on the second ground urged for reversal, we deem it sufficient to say that the trial court's rulings on the motions for a directed verdict were correct, without going into further details of the evidence.

Appellants complain that counsel for appellee were guilty of several instances of misconduct on the trial and in the argument of the case.

During the argument, counsel for appellee commented vigorously upon the failure of appellants' counsel to introduce a large number of witnesses who had been tenants in the apartment house. It is enough to say that no proper objection was made to this argument, without passing upon its merit.

Other instances of misconduct are more serious. Stratton Hammon, an architect and engineer, testified for the appellants. Appellee's counsel, in his final question on cross-examination of this witness, asked him who employed him to make certain measurements and to testify, to which the witness answered, "The Travelers Insurance Company." Appellants' motion to discharge the jury was overruled, but the court did admonish the jury.

Generally, proof that a party is wholly or partially indemnified by insurance is neither relevant nor material to any issue in the case. Any attempt to bring such matter to the attention of the jury, either by opening statement, examination of witnesses or parties, or by argument of counsel, constitutes reversible error. Turner v. Smith, 313 Ky. 635, 232 S.W.2d 1006;

Howard v. Adams, Ky., 246 S.W.2d 1002; Bybee v. Shanks, Ky., 253 S.W.2d 257; and Wright v. Kinslow, Ky., 264 S.W.2d 673.

Appellee insists that it was proper to show by whom the witness was employed in order to disclose any possible bias or special interest as an exception to the general rule. In this respect, the present case is very similar to Silver Fleet Motor Express v. Gilbert, 291 Ky. 696, 165 S.W.2d 541. In that action, for injuries resulting from the operation of defendant's truck, an agent of defendant's indemnity insurer had given damaging testimony from an investigation of the accident. Questions as to whom the witness was representing were held proper. This is an exception to the rigid rule and should be carefully observed as it is peculiarly susceptible of abuse. Herbold v. Ford Motor Co., 310 Ky. 697, 221 S.W.2d 646; Lexington Glass Co. v. Zurich General Accident & Liability Insurance Co., Ky., 271 S.W.2d 909. In view of the court's admonition given to the jury on this point, this conduct, standing alone, cannot be considered as prejudicial and falls within the exception.

 Part of the proof introduced by appellee was by way of deposition. In the depositions of Ruth Rice and Sam J. Rice, each witness was asked questions concerning subsequent repairs made by appellants to the stairway. Proper objections were made to these questions and answers and were sustained by the trial court. Henry Miller and William Wetherton testified for appellants after the ruling of the trial court on the admissibility of the evidence as to subsequent repairs given in the Rice depositions.

In cross-examination of Miller, rental agent for appellants, counsel for appellee asked questions concerning an examination of the steps made after the accident. In doing so, he referred to a deposition of this witness previously taken. The same objection was made, and sustained, to this testimony as was made in the Rice depositions.

On a cross-examination of Wetherton, whose company made repairs to the stair-way after the fall complained of, appellee's counsel again asked questions concerning subsequent repairs, to which objections were sustained. Appellee seeks to justify such cross-examination on the ground that appellants first raised the subject. From an examination of the record, we do not find this to be true. On the contrary, appellee's counsel, after two previous adverse rulings on the question of subsequent repairs, persisted in asking questions of Miller and Wetherton calculated to elicit answers from which the jury could learn, or infer, that such repairs had been made.

The rule is that evidence of changes of condition or proof of repairs made after an injury is never admissible to show negligence of the defendant in not having made the repairs or taken the precautions prior to the accident. Kentucky & West Virginia Power Co. v. Stacy, 291 Ky. 325, 164 S.W. 2d 537, 170 A.L.R. 1; Kentucky-West Virginia Gas Co. v. Slone, Ky., 238 S.W.2d 476; Consolidated Contractors, Inc., v. Wilcoxen, Ky., 252 S.W.2d 429; Fisher v. Hardesty, Ky., 252 S.W.2d 877; and Herrin's Adm'x v. Jackson, Ky., 265 S.W.2d 775.

Appellee had already shown the defective condition of the steps by his testimony and the testimony of others, so the conduct of his counsel cannot be excused as being an exception to the general rule that such change of condition or repair may be shown for the purpose of establishing the defect or the cause of the trouble. The cases relied upon by appellee are distinguishable upon this basis.

After four adverse rulings by the trial court on the question of admissibility of subsequent repairs, counsel for appellee commented on the loose condition of the steps in his argument. He said, "Evidently they were, or they wouldn't have fixed them."

Such conduct with resulting argument is the evil sought to be avoided by the general rule, as is pointed out in the Kentucky & West Virginia Power Co. v. Stacy case. The continued and persistent efforts of appellee's counsel to bring the matter of the

repairs to the attention of the jury after adverse rulings must be considered as prejudicial.

■ Appellee's counsel, in argument, told the jury:

"I had a case some years ago against the City. On a very used street or sidewalk there had been a hole there for some time * * *. At any rate, there had been hundreds and hundreds of people pass over that place, and finally a good lady with possibly more age than any of you ladies fell in that. Was the fact that hundreds of people passed over that and never fell in it a defense to her claim? No."

References by counsel to previous trials of the same issues by the same parties have been condemned as improper. City of Covington v. Faulhaber, 177 Ky. 623, 197 S.W. 1065; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S.W. 54. Likewise, references, in argument to the jury, to the facts, law, evidence, findings, incidents, or results of similar cases are improper. 53 Am.Jur., Section 489, Page 395, Trial. The above reference cannot be justified as a matter of common knowledge since it was not a matter of which the trial court could take judicial notice. Matters of general belief and common opinion, rather than of established history, are improperly referred to in argument, even by way of illustration. 53 Am.Jur., Section 481, Page 389, Trial.

■■ One of appellee's witnesses was a chiropractor who testified at variance with the medical testimony offered by appellants. In his argument, appellee's counsel stated to the jury:

"Now, some of you might be prejudiced against chiropractors, and I want to tell, with the permission of my friends, an experience in my own family. I have a young son * * *. I have a young son now studying in cancer in some hospital in New York,

the—I can't call it now—Memorial Hospital. My other son will be thirty in January. When he was born my wife lay flat of her back for three months, and I had three or four doctors, all good men, all competent men, and I paid them well, but they failed to find what was wrong or to do anything for her. So somebody said to me one day: 'Why not get a chiropractor?' And I was almost desperate. I got a chiropractor, and in ten days' time that chiropractor had her up. So, whatever you think, this chiropractor did this young man some good, and in August he was out canvassing for some aluminum for two or three weeks."

To each of the above arguments, counsel for appellants made timely and proper objection.

In the argument to the jury, counsel are allowed great latitude. Greathouse v. Mitchell, Ky., 249 S.W.2d 738. However, this does not license counsel to go outside the record, since the argument must be confined to matters in issue and to facts shown by competent evidence, with proper inferences to be drawn therefrom. Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S.W.2d 957. The personal experience related to the jury by counsel for appellee had no part or place in the argument on the matters at issue in the present case.

Considering the various instances of misconduct of counsel for appellee, we are forced to the conclusion that such constituted a deliberate and persistent course of conduct, which ill becomes an attorney at law. Each instance had an intangible effect upon the jury, and the cumulative prejudicial effect cannot be estimated. Juries should be permitted to try the issues on the testimony in the case, with proper inferences drawn, as guided by the court's instructions without being subjected to such prejudicial influences.

The judgment is reversed with directions to grant the appellants a new trial.