**Burgess BLANTON, an Infant 17 Years of Age, et al., Appellants,**

v.

**Mary Alice METZ, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1962.

Rehearing Denied June 8, 1962.

Harry F. Riddle, John W. McKenzie, Ashland, for appellants.

Clarence B. Creech, Ashland, for appellee.

CLAY, Commissioner.

The plaintiff appellee recovered a $10,000 judgment against appellant defendants for alleged back injuries caused in an automobile accident. Defendants contend the judgment was erroneous for several reasons.

Defendant Burgess Blanton was driving an automobile south on 24th Street in the City of Ashland on a rainy, winter night. At the intersection of this street with Carter Avenue he collided with an automobile moving west on Carter Avenue in which the plaintiff was riding.

Carter Avenue by city ordinance had been designated a boulevard. A small stop sign was placed on 24th Street in a hedge off the sidewalk and it was very difficult to see. Defendant Burgess Blanton did not see it and he did not stop for the intersection. He admitted that he did not see the other car until just about the time of the impact.

Defendants contend there was error in the instructions. There was some evidence that several years before the date of the accident plaintiff had complained to a physician of a "low backache" and the doctor found that she had a "bilateral minimal sacroiliac arthritis". He treated her for aching in the "dorsal spine". Defendants offered an instruction which in substance provided that the jury should not find damages for any injuries they might believe were caused at some other time or by some other means.

Under the instruction given by the court the jury could only find for the plaintiff for such injuries *as were directly caused by the negligence of the defendants.* Plaintiff's offered instruction was in substance the converse of this and would have

had a tendency to confuse rather than clarify the issue. See Lexington Glass Company v. Zurich General Accident & Liability Insurance Company, Ky., 271 S.W. 2d 909. In addition, if defendants' position were correct, the detailing of every circumstance to be taken into consideration when fixing damages would be an endless process and would obviously tend to emphasize the defendants' side of the issue. No error appears here.

■ Defendants next contend the court should have given their offered instruction which treated this intersection as an unregulated one (because of the difficulty of observing the stop sign). To give this instruction would violate KRS 189.330(3) and the ordinance passed by the city. Carter Avenue had been properly designated a preferential highway, and an impossible situation would be created if the rights of the parties were dependent upon whether or not one of them had actual notice of the applicable regulation. As a matter of fact, the court imposed upon the driver of plaintiff's automobile the duty to yield the right of way if the jury found certain circumstances to exist, and this instruction was perhaps more favorable to the defendants than they had a right to demand. Certainly no instruction should have been given which would have deprived the plaintiff of the right to rely on the city ordinance. Defendants' instruction was properly refused.

■ It is contended that a question asked one of the defendants injected the question of insurance into the case. We consider the question proper on at least two grounds and it does not appear to have been asked to draw attention to insurance.

■ It is contended the damages in the amount of $10,000 were excessive. In view of the nature of the injury and the extensive hospitalization which the jury could properly find was necessitated thereby, we are not impressed with this argument.

■ Admittedly the jury allowed the plaintiff an amount which was $44 in excess of that authorized for medical expenses. Such error would not justify a reversal and the matter may be taken care of by amending the judgment.

The judgment is affirmed with directions to modify and amend the judgment by reducing the amount thereof in the sum of $44.