**Billy R. MOORE et al., Individually, etc., et al., Appellants,**

**v.**

**LONDON GAS COMPANY, a Corporation, Appellee.**

Court of Appeals of Kentucky.

May 10, 1963.

As Modified on Denial of Rehearing
Nov. 8, 1963.

Calvert C. Little, London, for appellants.

Hamm, Taylor & Milby, Wm. A. Hamm, Luker & Luker, London, for appellee.

WILLIAMS, Judge.

The appellants sued the appellee London Gas Company in the Laurel Circuit Court for damages arising out of the destruction by fire of a building. A jury trial resulted in a verdict for appellee. On appeal to this Court the case must be reversed because instructions given by the trial court were erroneous.

Briefly, the facts were developed as follows: A delivery man backed his truck up to the loading ramp at the rear of appellants' furniture store and set some paper cartons on the ramp. Beneath the ramp were empty paper cartons which appellants had placed there to be removed as trash. The appellee's gas meter was located about 46 inches from and below the ramp. The delivery man went into the store to collect his charges, remained five minutes, and when he returned observed a fire raging near the end of the ramp. The fire was in the vicinity of both the trash and the gas meter. Its origin is unknown. Five to ten minutes after it started a puff, or explosion, occurred. The building was destroyed.

Appellants testified they had notified the gas company on four occasions that they detected the odor of gas in the building. The gas company denied receiving any notice.

Instruction No. 1 as given by the court is as follows:

"The defendant, London Gas Company, at the time and place shown in the evidence had the following duties: (A) With respect to its own gas transmission line and meter at or in close proximity to the plaintiffs' property, to use ordinary care to have and maintain said line and meter in such condition as to prevent the escape of gas therefrom into and about the plaintiffs' premises and to use said degree of care in inspection of said gas line and meter to discover and remedy defective conditions, if any, therein, and further (B) with respect to the gas lines and appliances on and within the Main Street Furniture Store premises, to exercise ordinary care to stop leaks or cut off the gas at the service connection supplying the pipes where the gas was leaking, if any, if the defendant Gas Company, its agents and servants or any of them whose duty it was acting in the scope of their employment to receive notice of or correct defects in the gas service furnished by the defendant company were notified that the gas was escaping on or adjacent to the premises referred to in the evidence. If you believe and find from the evidence that the defendant Gas Company failed to exercise such care and that by reason and as a direct and proximate result thereof natural gas was caused or permitted to escape therefrom and which exploded or caught fire on the occasion shown in the evidence and resulted directly and proximately in the damages and injuries shown in the evidence, then you will find for the plaintiffs, but unless you so believe, then you will find for the defendant."

Instruction No. 6 was given by the court as follows:

"The jury is further instructed that if you find and believe from the evidence that the fire mentioned in the evidence originated or was caused from the accumulation of papers or other debris, or began from any cause whatever other than gas or the escape of gas from the meter of this defendant, then the law is for the defendant and you should so find."

The latter instruction if only the converse to Instruction No. 1 should not have been given. Stanley's Instructions to Juries, vol. 1, section 14a; Lexington Glass Co. v. Zurich General Acc. & Liability Ins. Co., Ky., 271 S.W.2d 909. However, the real vice is that it requires the gas to be the igniting agent. The question should not be what ignited the fire, but whether the gas created a condition which was a substantial con-

tributing factor to the fire. The gas company's duties were properly submitted by Instruction No. 1, and if the failure to perform those duties resulted directly and proximately as the cause of the damage, then the law is for the appellants.

■ The appellee, of course, was entitled to have the jury instructed concerning appellants' contributory negligence, if any. The trial court instructed on contributory negligence as follows (No. 9):

"You are further instructed that if you find that they were contributorily negligent in any respect by piling boxes or other debris in the rear of the building which might have caused or did cause said fire, then you should find for defendant on the ground of contributory negligence with reference to their claim for property damage, and also as to the claim made by Sun Insurance Company and Boston Insurance Company, which indemnified said Billy R. Moore and Paris Moore, dba Main Street Furniture Company, under their separate insurance policies because these companies cannot recover, if you believe said defendants (plaintiffs) were guilty of contributory negligence under this instruction."

[5] By that instruction the jury was told to find that appellants were contributorily negligent if they piled boxes or other debris in the rear of the building which might have caused or did cause the fire. The jury should have been given the duty of finding the appellants contributorily negligent if the piling of boxes or other debris created a fire hazard or condition which was a substantial contributing factor to the fire. As given by the court, the instruction was too indefinite, especially in identification of parties. Doubtless an instruction given on a new trial will properly identify the parties.

■ Appellants complain of the trial court's refusal to permit testimony concerning the accuracy of the gas company's record book. The alleged inaccuracy was to be proven by one isolated instance where supposedly an entry was not made. Testimony of this fact would have had nebulous value, and the court properly excluded it.

■ On the other hand, the testimony of the bystander concerning what he heard Billy Moore, one of the appellants, say on the telephone should have been admitted. The witness testified that he overheard a conversation between Billy Moore and another party on a telephone. Billy Moore represented to him that he was calling the gas company to notify it of the odor of gas. The jury was erroneously admonished not to consider that testimony. Moore had previously testified that he notified the gas company of the odor of gas in the building. The rule is correctly stated in 20 Am.Jur., Evidence, section 369:

"A telephone conversation between the parties to a proceeding upon the subject matter of the litigation, which has been testified to by one of the parties, may also be testified to by a bystander, so far as he heard the conversation, in corroboration of the testimony of the former witnesses regarding the conversation."

The judgment is reversed, with directions that appellants be granted a new trial.

BIRD, J., not sitting.