COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Millard STEPHENS et al., Appellees.

Court of Appeals of Kentucky.

May 31, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

J. B. Johnson, Jr., Williamsburg, Homer W. Ramsey, Whitley City, for appellees.

DAVIS, Commissioner.

The Department of Highways instituted this action against Millard Stephens and Morris Stephens, doing business as Falls Motel, seeking to recover compensatory damages of $15,407.10 and punitive damages of $8,000 based upon the alleged wrongful felling of trees on three separate parcels of land owned by the Department as highway right-of-way. The appellees denied that they had cut any trees of value, although they admitted they had removed some twenty-seven items of worthless brush and saplings. Over appellant's objection, appellees were permitted to file a counterclaim whereby they sought recovery of $500 for expenses allegedly incurred by them in removing certain billboards which the appellant contended were located on the highway right-of-way when, say appellees, the billboards were not on the Department's right-of-way. The case was submitted to a jury which returned its verdict in this language:

"We, the jury, find the defendants not guilty, and award them $400.00."

The court entered judgment on the verdict dismissing the complaint and allowing appellees to recover $400 and costs. From that judgment the Department prosecutes this appeal, and the appellees have undertaken a cross-appeal.

The appellant has pointed to eight bases for reversal and has filed an exhaustive brief and reply brief. The appellees, while

purporting to cross-appeal, have asked that the judgment be affirmed. The view we have of the case makes it unnecessary to deal in detail with the specific questions presented by the litigants. It seems plain that appellees could not have a cross-appeal, as the amount in controversy is less than $200, but we need not base our decision on that.

■ There was controversy as to the exact location of the right-of-way boundaries. Evidence for appellant tended to show that appellees had cut down 164 trees within the right-of-way boundaries and that the trees possessed important aesthetic value as a part of the park maintained by the Commonwealth near Cumberland Falls. Using a measure of damages based on cost of restoration, witnesses for the appellant said that the damages due for the unlawful cuttings ranged from $9,800 to $12,000. In sharp contrast, witnesses for the appellees said that damages amounted to sums ranging from $4 to $38 and that the trees would be restored by nature in a matter of six or seven years. Just what measure of damages was applied by the appellees' witnesses is not quite clear, nor is it important for our purposes. The jury viewed the three areas in which the alleged damage occurred. It is patent that the jury concluded that nothing of value had been cut or damaged by the appellees. At best, it could be argued that the appellant was entitled to recover $4 as a matter of law based on evidence for the appellees themselves, but this amount is so trivial as to fall within the maxim, *de minimis non curat lex*. Leigh Banana Case Co. v. Paducah Spoke Company, 184 Ky. 36, 211 S.W. 192; Blanton v. Metz, Ky., 357 S.W.2d 306. Appellant's theory of the measure of damages was submitted to the jury, so appellant has no ground of complaint in that respect.

■ As to appellant's claim that it was entitled to an instruction on the theory of punitive damages, we think it is clear from the record that the appellant failed to present evidence warranting submission to the jury of the theory of wanton or malicious conduct on the part of the appellees. The court properly declined to give an instruction authorizing punitive damages. Ashland Dry Goods Company v. Wages, 302 Ky. 577, 195 S.W.2d 312.

■ The appellant contends that so many collateral issues were erroneously injected into the trial as to preclude its obtaining a fair trial. We need not resolve this contention, inasmuch as the jury's verdict clearly demonstrated that appellant had failed to persuade the fact finders that it had suffered loss. There is nothing in the record to suggest that the alleged collateral matters affected the jury's finding. The claimed errors were not prejudicial. CR 61.01.

■ As to the counterclaim upon which the appellees were awarded $400, the parties have drawn pitched battle lines in bitter conflict involving the doctrine of sovereign immunity. We find no necessity for our involvement in that war. Appellees asserted that the appellant had notified them to remove certain billboard advertisements from the right-of-way of appellant, and that they had done so at expense of $500 only to learn that the signs were not on the right-of-way in the first place. Hence, appellees sought recovery for the outlay they had made in "mistakenly" moving their signs at the behest of the Department. One of the defenses interposed against this claim was that it failed to state a claim upon which relief may be granted. CR 12.02. That defense was sufficient—the counterclaim did not state a cause of action. Appellees were not forced to move their signs, nor were they required to believe that their signs were on the state's right-of-way just because the state's agency said so. Appellees acted because they believed that they had trespassed. Now they claim that they have found out they had not trespassed, but they do not explain how it was they were unable to obtain this pertinent information before they

acted and spent money. We know of no legal concept authorizing appellees to recover in such circumstances.

The judgment is reversed insofar as it permits recovery upon the counterclaim, with directions to enter judgment dismissing the counterclaim, and is affirmed on the cross-appeal and in all other respects.

All concur.