Lora GUNNELL

v.

AMOCO OIL COMPANY

v.

Gerald A. KENT, d/b/a Kent Oil Company, Third-party Defendant.

No. G 79–306 CA6.

United States District Court, W. D. Michigan, S. D.

Feb. 14, 1980.

Norman C. Halbower, Muskegon, Mich., for plaintiff.

Thomas F. Koernke, Warner, Norcross & Judd, Grand Rapids, Mich., for defendant.

A. Newton Dilley, Dilley, Dewey & Waddell, Grand Rapids, Mich. for third-party defendant.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

This is a wrongful death action brought by the Administratrix of the Estate of Michael Gunnell, deceased. Both decedent and plaintiff are, or were, citizens of Michigan. Plaintiff originally filed in Michigan Circuit Court, Muskegon County, naming "Standard Oil Company, a Michigan Corporation" as defendant. On May 18, 1979, the defendant, Amoco, removed the case to this Court. The following paragraph was included in its petition for removal, as amended on May 30, 1979:

> (b) Defendant, Amoco Oil Company, is a corporation organized under the laws of the State of Maryland, with its principal place of business located in the State of Illinois. Defendant has been denominated in plaintiff's pleadings as Standard Oil Company. The party actually described in plaintiff's pleadings is Amoco Oil Company. Service was made on Amoco Oil Company and the caption in the pleadings in this Court have been corrected to reflect the proper party.

The basis for jurisdiction over this claim is diversity of citizenship. There is properly alleged complete diversity and an amount in controversy in excess of $10,000.00.

■ On May 22, 1979 defendant Amoco filed a third-party complaint against "Gerald A. Kent, d/b/a Kent Oil Company, alleged to be a citizen of Michigan, basing jurisdiction on the diversity of citizenship *of the original parties* to the action.[1] The third-party action is one for indemnity based on the following paragraph from a lease between the lessor, Amoco, and the lessee, Kent:

---

1. No party has raised the issue of jurisdiction as to this third-party claim, but it should be noted that it falls within the Court's ancillary jurisdiction. "[I]t is well settled that there need be no independent jurisdictional basis for such a claim if diversity of citizenship exists between the original parties." 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1444, at 223, *citing, inter alia, LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969); *Stemler v. Burke*, 344 F.2d 393 (6th Cir. 1965); *Huggins v. Graves*, 337 F.2d 486 (6th Cir. 1964).

3. That LESSOR, its agents and employees shall not be liable for any loss, damage, injuries or other casualty whatsoever kind or by whomsoever caused, to the person or property of anyone (including the LESSEE) on or off the premises, arising out of or resulting from LESSEE's use, possession or operation thereof, or from the installation, existence, use, maintenance, condition, repair, alteration or removal of any equipment thereon, whether due in whole or in part to negligent acts or omissions of the LESSOR, its agents or employees; and LESSEE, for himself, his heirs, executors, administrators, successors and assigns, hereby agrees to indemnity and hold LESSOR, its agents and employees, harmless from and against all claims for such loss, damage, injury or other casualty.

On August 9, 1970, plaintiff filed an amended complaint with the consent of Amoco, the original defendant. Count III of this amended complaint is a direct wrongful death claim against the third-party defendant, Kent.

On August 21, 1979, Kent moved for judgment on the pleadings based on the lack of subject matter jurisdiction for this Court to hear plaintiff's direct claim against Kent. It is this motion that is the subject of today's decision.

■ Rule 14(a) of the Federal Rules of Civil Procedure provides in part:

The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff

. . .

But Rule 14 does not, in and of itself, confer subject matter jurisdiction to third-party claims. Rule 82 expressly provides that the rules shall not be construed to extend or limit the jurisdiction of the federal courts. The Second Circuit discussed this in *Dery v. Wyer*, 265 F.2d 804 (2nd Cir. 1959), in the following fashion:

Rule 14 does not extend jurisdiction. It merely sanctions an impleader procedure which rests upon the broad conception of a claim as comprising a set of facts giving rise to rights flowing both to and from a defendant. For solution of the incidental jurisdictional problems which often attend utilization of the procedure, the concept of ancillary jurisdiction, which long antedated the Federal Rules, may often be drawn upon.

*Id.* at 808.

The United States Supreme Court has held, however, that in an action based on diversity of citizenship any claim asserted by the original plaintiff against a third-party defendant must present an independent jurisdictional base. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In *Owen* the Court held, on facts similar to those here presented, that the District Court lacked the power to entertain a plaintiff's lawsuit against a third-party defendant. *Id.*, 98 S.Ct. at 2405 n. 21. The Court said:

neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case. Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship. "The policy of the statute calls for its strict construction." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248; *Indianapolis v. Chase National Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47; *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951; *Snyder v. Harris*, 394 U.S. [332], at 340, 89 S.Ct. [1053], at 1058 [22 L.Ed.2d 319]. To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command.

*Id.*, 98 S.Ct. 2404–05.

■ In light of the Supreme Court's decision in *Owen* it is the opinion of this Court that Count III of plaintiff's amended complaint be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1).

IT IS SO ORDERED.