**Mark MORRISSEY, Plaintiff,**

v.

**OMARK INDUSTRIES, INC., et al., Defendants.**

**No. C-3-81-610.**

United States District Court, S.D. Ohio, W.D.

April 17, 1985.

Thomas Mester, Richard C. Alkire, Cleveland, Ohio, John R. Ensley, Dayton, Ohio, for plaintiff.

A. Michael Knapp, Columbus, Ohio, for defendant and third party plaintiff Omark Industries, Inc.

Robert P. Bartlett, Jr., Dayton, Ohio, for defendants and third party plaintiffs ITT Corp.

C. Richard McDonald, Cleveland, Ohio, for third party defendant Ackerman-Chacco Co., Inc.

Stephen C. Findley, Cincinnati, Ohio, for third party defendant Federal Flooring Co.

Gregory C. Gibson, Dayton, Ohio, for third party defendant Rodgers Const., Inc.

DECISION AND ENTRY ON PENDING MOTIONS; SETTLEMENT CONFERENCE SET; NEW TRIAL DATE AND OTHER DATES TO BE SET, IF NECESSARY, FOLLOWING CONCLUSION OF SETTLEMENT CONFERENCE

RICE, District Judge.

The Plaintiff has filed this product liability action contending that on February 11, 1980, while employed as a construction worker by Federal Flooring Company of Dayton and while in the normal course of his work, he was injured when the powder-actuated nail driver which he was operating misfired, causing him severe and permanent injuries. At the time of the injury, the Plaintiff alleges that he was operating a Model 330 staple gun manufactured by Omark Industries, Inc. (Omark). The Plaintiff alleges that the three ITT Defend-

ants are successors in interest and/or parent or controlling entities of Omark and are thus liable to him for his injuries. The Plaintiff's Amended Complaint sets forth claims in negligence, strict liability and breach of express and implied warranties, in causes of action one, two and three respectively. The Defendant Omark and the three ITT Defendants have each filed a Third Party Complaint (Doc. # 77 and Doc. # 91), each claiming that if they be deemed liable to the Plaintiff, then the Third Party Defendants Ackerman-Chacco (Ackerman), the authorized distributor of the power tool utilized by the Plaintiff, Federal Flooring Company (Federal), the employer of the Plaintiff at the time of the incident, and Rodgers Construction Company (Rodgers), the general contractor which contracted with Federal to do part of the job on which the Plaintiff was working at the time of the incident, are liable for all or a part of said damages to the said Defendants-Third Party Plaintiffs.

The captioned cause is presently before this Court on a number of motions. The motions, the Court's rulings thereon and, whenever deemed necessary, the reasoning behind said rulings, follow:

1. The Motion of the Plaintiff, seeking an Order of the Court, *in limine*, to exclude the testimony of Defendants' lay witnesses, for the reason that Defendants have violated this Court's Order of March 5, 1984 (Doc. # 81), filed December 3, 1984, is deemed by this Court to be moot and same will, therefore, not be ruled upon.

The Plaintiff's contention is that the Defendants have failed to comply with the letter and spirit of the above Order in that said Defendants identified categories rather than names of lay witnesses, who could not have been deposed prior to the discovery cutoff deadline of November 12, 1984. Both the discovery cutoff deadline and the then trial date of February 11, 1985, have passed. Following the conclusion of the settlement conference, the date, time and place for which will be set forth below, should a new trial setting be deemed necessary, the Court will, once again, set forth a date by which the parties must identify their lay witnesses. This Court would state to the Defendants, however, that names of lay witnesses, rather than identification by category, is required. It is somewhat difficult to depose a category, rather than a live witness. Should any of the parties fail to abide by said lay witness identification date, said party will not be able to utilize the testimony of said lay witnesses at trial.

2. The Motion of the Third Party Defendant, Federal Flooring Company (Doc. # 83), seeking an Order of the Court dismissing the Third Party Complaint of the ITT Defendants and any cross claims against it for the reason that the Third Party Complaint and Cross Claims fail to state claims upon which relief may be granted, because of the alleged "absolute immunity" against suit accorded an employer under Ohio Workers Compensation laws, is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

In ruling as aforesaid, this Court adopts the reasoning and citations of authority set forth in the memorandum of the ITT Defendants filed in opposition to said motion (Doc. # 95). This Court agrees with the Defendants-Third Party Plaintiffs that the statutory and case law authority cited by the moving party is not controlling herein, because said authority deals with simple negligence actions, rather than, as herein, a claim sounding in intentional tort and in breach of an implied contract of indemnification. This Court has no difficulty in deferring to the Ohio law that, with reference to purely negligence claims, an injured party's election to proceed under the State Workers Compensation laws would effectively prohibit not only a suit against his employer or a third party, but also a third party action in indemnification against the injured party's employer. However, the Ohio Supreme Court decision in *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), allowed an injured employee to file an action for an "intentional tort" against his employer (as an alternative to proceed-

ing against the employer under the State Workers Compensation laws). Therefore, that aspect of the Third Party Plaintiffs' claim against Federal Flooring which can reasonably be interpreted as setting forth a claim for an intentional tort is not barred, pursuant to the authority in *Blankenship*. With reference to that part of the Third Party Plaintiffs' claim against Federal Flooring that is based upon an alleged breach of an implied contract of indemnification—a breach of its implied contract with the manufacturer and distributor of the powder-actuated tool, by failing to seek and to provide proper training and licensing for the Plaintiff, a workman who might reasonably be expected to use said tool, no Ohio case law is extant which deals with such a claim; no Ohio court or, for that matter, no federal court sitting in Ohio and applying Ohio law having addressed the issue of whether a third party (sued by the injured employee) can sue an employer on an intentional tort theory, where the employer is participating in the Workers Compensation Plan, regardless of whether the employee has elected to sue the employer on a common law theory of intentional tort or to accept the insurance benefits of the Workers Compensation Program. Moreover, with respect to election of remedies, the Ohio Supreme Court has held in *Jones v. VIP Development Company*, 15 Ohio St.3d 90, 472 N.E.2d 1046 (1984), that the receipt of Workers Compensation Benefits does not preclude an employee or his representative from pursuing a common law action for damages against his employer for an intentional tort. Therefore, the election of remedies argument, at least with respect to an intentional tort, appears to have been resolved in a way favorable to the Defendant-Third Party Plaintiff. In *Seiffert v. Allis-Chalmers Corp.*, No. 84–1393, 15 Ohio St.3d Adv.Sh. No. 3 at A–3 (1984), the Ohio Supreme Court, reversed and remanded upon the authority of *Jones*, and allowed the Defendants, a manufacturer and a distributor of a forklift truck that allegedly injured the plaintiff, to file and maintain a third party action against the plaintiff's employer. This case did not deal with the employer's election of remedies. However, in view of the proclivity of the Ohio Supreme Court, of late, to widen, rather than to narrow an injured plaintiff's access to the court system, this Court concludes that, when and if presented with a similar legal issue, the Ohio Supreme Court will expand upon the *Blankenship* doctrine by allowing a third party, which has been sued by a plaintiff-employee for injuries which can arguably be denominated as intentional, to file an action for indemnification against the employer of the injured employee.

The allegations in the ITT Defendants' Third Party Complaint, as directed against Federal Flooring (Doc. # 77, ¶¶ 13–20), are arguably, at least in part, on the borderline between a claim of negligence and a claim of an intentional tort. Should discovery "flush out" the allegations of the Third Party Complaint and show that said claims against the Third Party Defendant sound in negligence, rather than in an intentional tort, the moving Third Party Defendant may renew its Motion to Dismiss. Should affidavits be attached to said motion, the Court will treat same as one for summary judgment.

◼ Finally, the Plaintiff-Employee is not an agent or representative of the ITT Defendants. Accordingly, he is not authorized to act in such a fashion as to bind said Defendants. It is equally obvious that ITT has made no such election (of remedies) between suing Federal Flooring and accepting Workers Compensation benefits. This Court does not believe that the employee's election should have any preclusive effect on the ITT Defendants' right to sue the Plaintiff's employer for indemnification.

3. The Motion of the Third Party Defendant, Ackerman-Chacco, seeking an Order of the Court, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(2), dismissing the Third Party Complaint of the ITT Defendants, for the reason of this Court's lack of jurisdiction over the subject matter of the Third Party Complaint and lack of *in personam* jurisdiction over said Third Party Defendant (Doc. # 84), filed December 5, 1984, is

deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

■ In ruling as aforesaid, this ·Court relies upon the reasoning and citations of authority contained in the memorandum of the Defendants-Third Party Plaintiffs, filed in opposition to said motion. Doc. # 95 at 13, *et seq.* This Court has jurisdiction over the Third Party Complaint, by reason of its ancillary jurisdiction. Moreover, it is well settled that there need be no independent jurisdictional basis for the third party claim against Ackerman-Chacco, as long as diversity of citizenship jurisdiction existed between the original parties. Since, in the captioned cause, the Third Party Complaint under Fed.R.Civ.P. 14 arose out of the subject matter of the original action and involves the same persons and issues, said Third Party Complaint is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action (such as diversity jurisdiction between the original parties), no independent basis of jurisdiction for the cross claim or third party claim need be alleged or proved. In short, the fact that Ackerman-Chacco is a resident of the same state as the Plaintiff herein would not defeat this Court's jurisdiction over the Third Party Complaint. *Lasa, etc. v. Alexander,* 414 F.2d 143 (6th Cir.1969) at 146. *Accord Huggins v. Graves,* 337 F.2d 486 (6th Cir.1964); *Stemler v. Burke,* 344 F.2d 393 (6th Cir.1965), both of which cases stand for the proposition that where requisite diversity of citizenship jurisdiction existed between plaintiffs and defendants in personal injury actions consolidated for trial, independent grounds of jurisdiction did not have to exist between plaintiffs and third party defendants, against whom plaintiffs were not seeking relief, or between cross plaintiffs and cross defendants. In short, it is not necessary that an independent basis of jurisdiction exists between the original defendants and a third party defendant, in third party procedure, in order for original defendants to recover a judgment against third party defendants.

4.–8. The Motion of the Third Party Defendant, Ackerman-Chacco, seeking an Order of the Court continuing the trial date of February 11, 1985 (Doc. # 85), filed December 5, 1984, and similar motions filed by the Third Party Defendant, Rodgers Construction, Inc. (Doc. # 86), on December 7, 1984; by Third Party Defendant, Federal Flooring Company (Doc. # 89), filed December 17, 1984; by Defendants-Third Party Plaintiffs, ITT, et al. (Doc. # 87), filed December 10, 1984 and by Defendant and Third Party Plaintiff, Omark Industries, Inc. (Doc. # 90), filed December 26, 1984, are each deemed to be moot and same will, therefore, not be ruled upon, for the reason that the then-scheduled trial date of February 11, 1985, has come and gone.

■ Following the settlement conference, the date, time and place for which will be set below, if necessary, the Court will convene a scheduling conference at which a new trial and other necessary dates will be established.

9. The Plaintiff's Motion for Separate Trials with respect to the third party claims filed by Defendants (Doc. # 88), filed December 14, 1984, is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

The reason behind the filing of such a motion has now disappeared, to wit: the previously set trial date of February 11, 1985, has been continued. In addition, in ruling as aforesaid, since the impetus behind the Plaintiff's motion has now been mooted, this Court can conceive of no reason, as a matter of law, fact or equity, why the trial of the Complaint and the Third Party Complaints cannot be tried together. Indeed, even assuming that Ohio law would allow for bifurcation of the type requested by the Plaintiff, duplicate trials, under the factual scenario herein, would be wasteful of the time and resources of the Court, counsel and the litigants.

10. The Plaintiff's Motion, seeking an Order of the Court allowing him to supplement his Motion in Limine concerning the testimony of Defendants' experts and/or Motion to Compel the production of ex-

perts' reports (Doc. # 96), filed January 8, 1985, to the extent that same remains relevant, is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. The Plaintiff's Supplemental Brief must be filed, by the Office of the Clerk of Courts, and docketed accordingly, instanter.

11. The Motion of the Third Party Defendant, Ackerman-Chacco, seeking an Order of this Court, pursuant to Fed.R.Civ.P. 12(b)(1) and (2), dismissing the Third Party Complaint of Omark Industries (Doc. # 99), filed January 14, 1985, is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

In ruling as aforesaid, this Court notes that this motion is identical to the one filed by the moving Third Party Defendant, seeking an Order of the Court dismissing the Third Party Complaint of the Defendants-Third Party Plaintiffs, ITT (Doc. # 84). In overruling this motion, the Court adopts the same reasoning and citations of authority set forth above in overruling a similar motion filed by said Third Party Defendant, said earlier motion directed against the Third Party Complaint of the Defendants-Third Party Plaintiffs, ITT.

12. The Motion of the Third Party Defendant, Federal Flooring Company, seeking an Order of the Court dismissing the Third Party Complaint of Defendant-Third Party Plaintiff, Omark Industries, (Doc. # 101), filed January 25, 1985, based upon the same reasoning and citations of authority set forth in its memorandum filed in support of a similar motion directed to the Third Party Complaint of the Defendants-Third Party Plaintiffs, ITT (Doc. # 83), is deemed by this Court to be not well taken and same is, therefore, overruled, based upon the reasoning and citations of authority set forth by this Court in overruling said earlier motion.

13. The Motion of the Third Party Defendant, Rodgers Construction, Inc., seeking an Order of the Court, pursuant to Fed.R.Civ.P. 12(b)(1) and (2), dismissing the Third Party Complaint of Omark Industries, Inc., on the ground that the Court lacks subject matter jurisdiction (Doc. # 103), filed February 4, 1985, based upon the same reasoning stated in the memorandum in support of the Motion to Dismiss filed by Defendant Ackerman-Chacco (Docs. # 84 and # 99), is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety. In so ruling, this Court adopts the same reasoning and citations of authority set forth in its ruling on the aforesaid motions to dismiss of the Third Party Defendant, Ackerman-Chacco, *supra*.

14. The Motion of the Plaintiff, seeking an Order of the Court granting a protective order with respect to the depositions of Robert J. Stalla, Jerry E. Flexman, William C. Cruice and Lou Barbe, which said depositions were set for March 5, 6 and 7, 1985 (Doc. # 109), filed February 25, 1985, is deemed by this Court to be moot, for the reason that the aforesaid deposition dates have passed. Accordingly, said motion will not be ruled upon.

In ruling as aforesaid, this Court notes that while the previously discovery deadline was November 12, 1984, said discovery deadline follows the setting of the trial, itself. Since the trial date of February 11, 1985, has been continued, a new discovery cutoff deadline must be set.

Having ruled on all outstanding motions in the captioned cause, it is the Order of the Court that a settlement conference be convened at 6 p.m. on Tuesday, April 23, 1985, in this Court's Chambers, Ninth Floor, 200 West Second Street, Dayton, Ohio. Not only must all counsel be present, but said counsel should also come prepared with settlement authority and with telephone numbers of their clients at which they might be reached during said settlement conference.

Should the settlement conference not succeed in bringing about a settlement of this case, the Court will immediately set a new trial date and other dates for discovery purposes. This Court is willing to place this case ahead of any other on its docket (save and excepting criminal cases), in order that the matter be tried as quickly

as may be practicable. Counsel should make the determination as to whether they wish the captioned cause tried before the action due to begin in state court during the month of August, 1985.