**Jon V. PRICE, Plaintiff,**

v.

**CTB, INC., et al., Defendants.**

**No. CIV. A. 00–D–1199–S.**

United States District Court,
M.D. Alabama,
Southern Division.

July 2, 2001.

Samuel J. Clenney III, Abbeville, AL, M. Adam Jones, Hall Smith & Jones, Dothan, AL, Larry A. Goldston, Beasley, Allen, Crow, Methvin, Portis & Miles, Montgomery, AL, for plaintiff.

F. Chadwick Morriss, Amy V. Bowman, Rushton, Stakley, Johnston & Garrett, Montgomery, AL, for CTB.

Deborah W. Hicks, Eufala, AL, Helen J. Alford, Frank L. Parker, Jr., Holly Alves, Carr, Alford, Clausen & McDonald, Mobile, AL, Charles D. Davidson, Little Rock, AR, for Latco.

Richard E. Broughton, Brandi A. Atkins, Ball, Ball, Matthews & Novak, Montgomery, AL, for Poultry Health Services.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand, which was filed March 23, 2001. Defendants Latco, Inc., CTB, Inc., and Poultry Health Services of Georgia, Inc., all filed Response briefs April 10. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motion is due to be denied.

### I. DISCUSSION

Plaintiff's motion presents a novel but straightforward application of the diversity jurisdiction statute. Article III of the Constitution vests federal courts with jurisdiction over cases between citizens of different states and authorizes Congress to regulate the jurisdiction of lower courts as it deems appropriate. Congress in turn, has limited jurisdiction to civil actions between completely diverse parties, provided that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The court's analysis focuses on the claims and parties in the original complaint. Plaintiff Jon V. Price is an Alabama citizen, who originally filed suit in the Circuit Court of Henry County. Price brought various state law claims arising out of contracts for the construction of some chicken broiler houses. Alleging shoddy workmanship, Price sued out-of-state corporate Defendants CTB, Latco, Poultry Health Services of Georgia, and their agents. These defendants promptly removed on the basis of complete diversity.

Defendant Latco is an Arkansas corporation. After removal, Latco brought its own third-party complaint against Charoen Pokp-

hand (USA), Inc.[1] CP is an Alabama corporation. Latco alleges that CP manufactured the chicken houses that Latco sold to Price. As a third-party plaintiff, Latco brings a routine proceeding for indemnity, contending that CP is liable to Latco if the jury finds that the houses were negligently designed.[2]

Price himself has brought no claims against CP. Yet as a result of the third-party complaint, the docket now reflects that Plaintiff Price and Third–Party Defendant CP are both Alabama citizens. Price is represented by a law firm dreaded and revered, in part, for its uncanny ability to pull down record-setting verdicts in Alabama state courts. Obviously eager to get this case before a Henry County jury, Price moves to remand on the ground that Latco's third-party complaint has destroyed diversity. The motion is without merit.

As Price's attorney concedes, despite his "extensive research" he "has not been able to uncover a case in which a defendant has itself defeated diversity by filing a third-party complaint against a non-diverse party."[3] This is not surprising. Third-party practice under Rule 14 of the *Federal Rules of Civil Procedure* seeks to minimize piecemeal litigation, and, as Chief Justice Marshall noted almost 200 years ago, the diversity provisions seek to protect out-of-state defendants from the looming threat of parochial prejudices in state court. *See Bank of the United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 87, 3 L.Ed. 38 (1809). One or the other of these policies would be disserved if a claim by a third-party plaintiff against an in-state third-party defendant necessarily meant remand. On the other hand, it is quite unlikely that someone ever is prejudiced by appearing in a federal forum in his own state.

■ When reviewing a motion to remand, all that matters is the citizenship of the original parties to the suit. If a federal court has proper jurisdiction over the main action, it may adjudicate third-party claims arising out of the main action's subject matter, regardless of whether the third-party claim has its own independent basis of juris-

diction. *See Caterpillar v. Lewis*, 519 U.S. 61, 66 n. 1, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); *Williams v. Conseco, Inc.*, 57 F.Supp.2d 1311, 1315–16 (S.D.Ala.1999); *Becker v. Crounse Corp.*, 822 F.Supp. 386, 390 (W.D.Ky.1993); 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3723 at 611–12 (3d ed.1998) (explaining that "the citizenship of the original parties ... is determinative" and that third-party's lack of diversity will not destroy jurisdiction "if it otherwise exists on the basis of the citizenship of or the claims between the original parties.")

■ In this case, Plaintiff Price is an Alabama citizen, who sued a handful of completely diverse defendants. One of those defendants, Latco, later initiated a third-party suit against an Alabama corporation. Price is not suing the Alabama corporation. Latco's third-party complaint is irrelevant for jurisdictional purposes, and nobody alleges a defect with the original removal. Therefore, Price's Motion To Remand is due to be denied. *See Morrissey v. Omark Indus., Inc.*, 614 F.Supp. 99, 103 (S.D.Ohio 1985).

## II. ORDER

It is CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby DENIED. The Uniform Scheduling Order entered March 8, 2001 be and the same is hereby VACATED. This case is set on the April 29, 2002 Dothan civil jury term, and a revised scheduling order is entered separately.

---

**1.** "CP."

**2.** Mot. Ex. D (Compl.¶¶ 39–44.)

**3.** Mot. at 3 (unnumbered).